The STATE of Texas, Appellant,

v.

Sandro PEYRANI, Appellee.

No. 14–02–00208–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 12, 2002.

Discretionary Review Refused
March 19, 2003.

---

Dan McCrory, Houston, for appellants.

Abigail L. Keenan, Houston, for appellees.

Panel consists of Chief Justice BRISTER and Justices FOWLER and SEYMORE.

## OPINION

CHARLES W. SEYMORE, Justice.

The State appeals the suppression of marijuana in its prosecution of defendant, Sandro Peyrani, for possession of between 50 and 200 pounds of marijuana. We affirm.

## BACKGROUND

Police received a tip that large quantities of marijuana were being stored at and transported from a house in Harris County. They began surveillance on the house and observed a white Suburban back into the front driveway, around the house, and out of sight into the backyard. They also observed eight to ten people walking back and forth from the front yard to the back-

yard.[1] The house and yard are surrounded by a six-foot fence—chain link around the front and wooden privacy around the back. Thus, police and members of the public could not see any of the activity in the backyard.

Several hours after surveillance began, police observed a car back into the driveway of the house. Two men left the car and walked to the backyard, eventually carried a heavy-looking bag to the backyard, and returned with two brick-like packages. One of the packages was wrapped in cellophane and contained what appeared to be marijuana. After the men left the house, police stopped their car at a nearby restaurant and found 11.45 pounds of marijuana. The two men were arrested.

After this arrest, police remaining on surveillance decided not to request a search warrant. Instead, they decided to attempt to get consent to search the house. Two officers dressed in raid jackets, Officer Fattig and Officer Pena, walked through the open front gate at the driveway and down the front walkway. Officer Pena testified that while walking, he could see the front door was open, although a burglar bar door was closed over the entrance. Officer Pena could not see anyone in the house through the burglar bars.

Officer Pena testified that he and Officer Fattig never completed walking to the front door. Instead, they saw a man emerging along the side of the house from the backyard. The officers stepped off the front walkway, onto the grass, and approached the man. Officer Pena asked him in Spanish whether he owned the home, received a negative answer, and instructed the man to stay there. The officers did not inquire who the owner was or where the owner might be found.

Both officers testified that they could hear voices and, from their earlier surveillance, knew persons were in the backyard. The officers walked into the backyard, without ever knocking on the front door or otherwise announcing their presence. When they rounded the back corner of the house, they saw Peyrani and several other men loading bundles of marijuana into the white Suburban. Both officers testified that they walked into the backyard only to obtain consent to search and did not expect to find marijuana, despite their observations throughout the day.

Before trial, the trial court granted Peyrani's motion to suppress. In announcing her ruling, the trial court told the parties that the defendant had an expectation of privacy in his backyard and that police had time to obtain a search warrant. The trial court was troubled that the officers failed to knock at the front door, failed to ask the man at the side of the house who and where the homeowner was, and failed to ask that man for permission to go to the backyard.

### LAW

We review a trial court's ruling on a motion to suppress for abuse of discretion. *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex.Crim.App.1996). In this review, we afford almost total deference to a trial court's determination of historical facts, especially when based on an evaluation of a witness's credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App.1997). We afford the same deference to rulings based on mixed questions of law and fact. *Id.* This is because the trial court is the sole trier of fact and

---

**1.** Additionally, according to "stipulated facts" in the clerk's record, police followed three males (including Peyrani) to a local grocery, where the men purchased rolls of cellophane, packages of dryer sheets, boxes of baking soda, and rolls of duct tape.

judge of the credibility of witnesses and the weight to be given their testimony. *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim.App.2000). Thus, the trial court may disbelieve any portion of a witness's testimony, even if the testimony is uncontroverted. *Id.* We may review de novo mixed questions of law and fact that do not turn on an evaluation of credibility and demeanor. *Id.* at 856.

■ The Fourth Amendment to the United States Constitution and Texas Constitution, Art. I, § 9, protect against unreasonable searches and seizures. This protection includes a home and the curtilage of the home. *Oliver v. United States*, 466 U.S. 170, 180, 104 S.Ct. 1735, 80 L.Ed.2d 214 (1984); *Gonzalez v. State*, 588 S.W.2d 355, 360 (Tex.Crim.App.1979). "Curtilage" is the land immediately surrounding and associated with the home. *Gonzalez*, 588 S.W.2d at 360. Thus, Peyrani's right to privacy in his backyard is protected by the Fourth Amendment and Texas Constitution.

Police have the right to approach and knock on a defendant's front door. *Cornealius v. State*, 900 S.W.2d 731, 733–34 (Tex.Crim.App.1995). However, "[w]henever government agents enter into the curtilage they necessarily intrude upon the individual's reasonable expectation of privacy." *Bower v. State*, 769 S.W.2d 887, 897 (Tex.Crim.App.1989). Once an officer deviates from the usual route for the purpose of knocking on the front door, the officer loses his status as an invitee. *Id.*

The State argues that the officers were not conducting a search but were merely seeking consent to search. The State cites *Atkins v. State*, 882 S.W.2d 910 (Tex.App.-Houston [1st Dist.] 1994, pet. ref'd) for the proposition that entry into a backyard to obtain consent to search does not violate the Fourth Amendment. In *Atkins*, one police officer simultaneously approached the back door of a duplex apartment as a second officer approached the front door. As the police officer turned the corner to the back, he saw the defendant drop baggies of heroin and run inside the house. The trial court refused to suppress the heroin. Showing deference to the trial court's ruling, the appellate court affirmed, noting that no evidence "indicate[s] anything other than the reasonable inference that the officer was attempting to make a joint initial attempt ... to contact the inhabitant of the house." *Atkins*, 882 S.W.2d at 913.

■ Like *Atkins*, we give deference to the trial court's ruling in this case because the question involves a mixed question of law and fact. The trial court questioned why the officers did not first knock at the front door or ask the man they encountered who owned the home and where the owner could be found. The trial court may have disbelieved that the officers proceeded to the backyard solely to contact the homeowner. *See Ross*, 32 S.W.3d at 856 (the trial court may "not know exactly what the facts are, but does know (on the basis of demeanor, appearance, and credibility) that they are not as the witness describes"). Because the trial judge in this case (unlike *Atkins*) suppressed the evidence, and because we must defer to that ruling, we do not find the *Atkins* outcome controlling.

Other courts have not found a Fourth Amendment violation when police enter the defendant's backyard in search of a homeowner, but only after first approaching and knocking at the front door. *See, e.g., Gonzalez*, 588 S.W.2d 355–57 (police first knocked at front door; rural property with overgrown backyard; house was dark and there were no signs that anyone was home); *Long v. State*, 532 S.W.2d 591, 594–95 (Tex.Crim.App.1975) (police first knocked on front door; rural property

with an airstrip behind it); *Watts v. State,* 56 S.W.3d 694, (Tex.App.-Houston [14th Dist.] 2001, pet. granted) (officers first knocked on front door; home in wooded area; yard was poorly defined and lacked privacy fence; unobstructed visibility of backyard).

We find no abuse of discretion in the trial court's suppression of the evidence. Accordingly, we overrule the State's issue and affirm the trial court's judgment.