**Reversed and Remanded; Opinion Filed January 7, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-12-01627-CR

**THE STATE OF TEXAS, Appellant**
**V.**
**LUIS LOPEZ, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F12-59529**

## MEMORANDUM OPINION
Before Justices Bridges, Fillmore, and Lewis
Opinion by Justice Bridges

The State of Texas appeals from the trial court's decision to grant appellee Luis Lopez's motion to suppress. In a single issue, the State argues the trial court erred by granting the motion to suppress, because the police did not violate appellee's rights by asking appellee to exit the car for the purpose of conducting an investigation and a *Terry* frisk. We reverse and remand.

## Background

Officer Brandon Stephens of the Dallas Police Department testified he made a traffic stop on a silver Dodge Charger at approximately 3:30 a.m. on August 26, 2012. Stephens explained he stopped the Charger because it was operating on a public roadway with blue headlights, a violation of the transportation code.[1] When he saw the blue lights, Stephens got behind the

---

[1]*See* TEX. TRANSP. CODE ANN. §547.326.

Charger and ran the license plate because "[he] knew [he] was going to stop the vehicle." When the license plate came back clear, Stephens activated his emergency equipment. The driver of the Charger then pulled to the right-hand lane, traveled two or three blocks, and pulled into the driveway of a church.

When the car pulled over, Stephens testified he "could see the driver moving around, reaching from. . . the backseat back to his left down on the side like reaching toward the map pocket." There were four occupants inside the car. Stephens explained no one else was making gestures or movements.

Stephens testified that, when he and his partner approached the vehicle, he knew he wanted to pull the driver out of the vehicle to "do a pat-down on him and the lounge area around him to make sure he wasn't concealing a weapon." After he approached the vehicle, Stephens identified the driver and obtained his identification to run his name in the police database. He also obtained the name of appellee, one of the backseat passengers. Appellee was sitting directly behind the driver. Stephens testified appellee was not wearing a seatbelt, and he was prepared to issue appellee a citation for the failure to wear a seatbelt.[2]

After he secured the name of the driver and the name provided by appellee, Stephens went back to his police car and first ran the driver's name in the computer. The driver's name came back clear. He then ran the name provided by appellee, but nothing came back on him. Stephens explained the fact appellee's name did not come back could "mean a lot of things." Specifically, he said it could mean appellee was lying or that he did not yet have an I.D. At this point, Stephens testified everyone was still inside the Charger, and our review of the dash camera

---

[2] On cross-examination, Stephens admitted that at the time he saw appellee was not wearing his seatbelt, the car was already parked, appellee was sitting in the back seat, and the vehicle was not moving. Stephens conceded there was no violation "as far as [he] knew."

video confirms this. Stephens then testified, "After I ran the names, *I was going to go back up and perform the Terry frisk* of the driver and the back left passenger." (emphasis added).

Stephens explained he asked the driver if there were any weapons in the car, and the driver responded, "not that I know of." At that point, Stephens explained he was suspicious and brought the driver out of the vehicle and conducted a *Terry* frisk on him. After completing the frisk of the driver, Stephens sat the driver on the curb.

After Stephens sat the driver on the curb, he stated he "immediately went to the back left door of the car, opened the car door, [and] asked [appellee] to step out." As appellee stepped out, he lunged toward the back of the car, but Stephens grabbed onto his shirt and a knife fell to the ground beside the car. The knife was the size of a steak knife.[3] Stephens arrested appellee for carrying a prohibited weapon and transported him to jail, where drugs were also found on appellee. Stephens later learned appellee had not given his true name when asked.[4]

Appellee was indicted for the offense of possession of a controlled substance, to wit: cocaine in an amount of less than 1 gram. Appellee filed his motion to suppress evidence. After hearing the evidence on the motion to suppress, the trial court stated on the record:

> [T]he Court finds that the stopping of the vehicle was indeed proper, given the fact that the driver had committed an offense. However, the Court does find that there are no specific articulable facts regarding the questioning of [appellee], who was a passenger in the rear seat. In this matter, the Court does note the officer testified it appeared that the driver made the furtive gestures, but there was no testimony with respect to [appellee].

The trial court then granted appellee's motion to suppress.

## Analysis

In a single issue, the State contends the trial court erred in granting appellee's motion to suppress when "the police failed to violate appellee's rights by asking appellee to exit the

---

[3] Our review of the police dash cam video reveals Stephens indicated the knife's blade was over 6 inches long.

[4] Our review of the video reveals appellee gave a false name, Ramon Martinez.

Charger" and when there was "reasonable suspicion for the arresting officer to detain appellee temporarily for the purpose of conducting an investigation and '*Terry* Frisk.'" We apply a bifurcated standard of review to the trial court's ruling on a motion to suppress evidence. *Valtierra v. State,* 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). We afford almost total deference to the trial court's determination of historical facts and apply a de novo review to the trial court's application of the law to the facts. *Id.* The trial court is the sole trier of fact, the judge of witness credibility, and the weight to be given to witness testimony. *Id.* The trial court's ruling "will be upheld on appeal if it is correct under any theory of law that finds support in the record." *Gonzalez v. State,* 195 S.W.3d 114, 126 (Tex. Crim. App. 2006).

The Fourth Amendment of the United States Constitution and article I, section 9 of the Texas Constitution protect against unreasonable searches and seizures by government officials. *Wiede v. State*, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007); *Atkins v. State*, 882 S.W.2d 910, 912 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd.). Absent a few specifically established and well-delineated exceptions, a warrantless search is per se unreasonable. *Arizona v. Gant*, 556 U.S. 332, 338 (2009). One of these exceptions is "search incident to arrest." *See Chimel v. California*, 395 U.S. 752, 763 (1969). "Search of the person becomes lawful [without a warrant] when grounds for arrest and accusation have been discovered. . . ." *United States v. Robinson*, 414 U.S. 218, 232 (1973); *see also Busby v. State*, 990 S.W.2d 263, 270 (Tex. Crim. App. 1999) (once a suspect is validly arrested, he may be properly searched incident to the arrest).

The State provided the dash camera video to the trial court, which is also a part of our record. The video shows Stephens approached the vehicle, asked for the occupants' names, and then returned to his vehicle to run the names through the police database. Stephens testified he decided to conduct a *Terry* frisk on appellee after he ran his name through the database and

–4–

nothing came back.  Appellee argues the decision to conduct a *Terry* frisk of him at that point was improper.

But Stephens never conducted a *Terry* frisk of appellee.  Instead, after running the names through the database, Stephens returned to the car and frisked the driver.  After completing the frisk of the driver, he then opened the back passenger door and asked appellee to step out of the vehicle.  We conclude it was proper for Stephens to ask appellee to step out of the car.  *See Maryland v. Wilson*, 519 U.S. 408, 410 (1997) (police officer may order passenger to exit vehicle as a matter of course).  When asked to step out of the vehicle, appellee attempted to run. At that point, the knife he was concealing fell to the ground.  Our review of the video shows that, after Stephens and another officer had handcuffed appellee, Stephens indicated he would be arresting appellee for carrying a prohibited weapon.  Appellee was then placed in the back of the police car.  After appellee was transported to jail, he was searched and, only then, were the drugs at issue found on his person.

At the hearing on the motion to suppress, the trial court first found the stop of the vehicle was proper, and we agree with the trial court's conclusion.[5]  The trial court also found there were no specific articulable facts regarding the questioning of appellee, who was a passenger in the rear seat, and no evidence of furtive gestures by appellee to justify a *Terry* frisk.  Here, however, no *Terry* frisk of appellee took place.  We conclude the evidence at issue here was properly obtained under a search incident to arrest and, therefore, the trial court improperly granted appellee's motion to suppress.  *See Busby v. State*, 990 S.W.2d at 270.

---

[5] We conclude Stephens had reasonable suspicion that a traffic offense had been committed, and thus the stop was proper.  *See* TEX. TRANSP. CODE ANN. §547.326.

We reverse the trial court's order granting appellee's motion to suppress and remand this cause for further proceedings.



Do Not Publish
TEX. R. APP. P. 47
121627F.U05

         /David L. Bridges/
         DAVID L. BRIDGES
         JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THE STATE OF TEXAS, Appellant

No. 05-12-01627-CR      V.

LUIS LOPEZ, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F12-59529.
Opinion delivered by Justice Bridges.
Justices Fillmore and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and the cause **REMANDED** for further proceedings consistent with this opinion.

Judgment entered this January 7, 2014

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE