Chance Derrick GONZALES,
Appellant,

v.

The STATE of Texas, Appellee.

No. 01–98–00540–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 4, 1999.

Michael B. Charlton, Houston, for Appellant.

William Delmore, III, John B. Holmes, Houston, for State.

Panel consists of Chief Justice SCHNEIDER and Justices O'CONNOR and TAFT.

## OPINION ON REHEARING

MICHOL O'CONNOR, Justice.

Chance Derrick Gonzales, the appellant, pled guilty to murder after the trial court denied the motion to suppress his written confession. The appellant was sentenced to 45 years confinement. On April 22, 1999, the Court affirmed the trial court's judgment. In light of new case law issued after our original opinion, the appellant's motion for rehearing was granted, and the April 22 opinion is withdrawn. We substitute this opinion in its stead. We reverse and remand for a new trial.

### Background

The appellant was 15 years old when he was arrested. The juvenile court waived jurisdiction over the appellant, and he was indicted with the offense of capital murder. After the trial court denied the motion to suppress his written confession, the appellant pled guilty to the lesser included offense of murder. His punishment was assessed according to the plea bargain at 45 years imprisonment. The appellant's written notice of appeal indicates the appeal is based on the denial of the motion to suppress.

The complainant was shot to death during the robbery of his convenience store on February 18, 1996. The police investigators received information from a confidential informant who led them to Joe Vallejo. The informant identified Vallejo as the individual who shot the complainant while attempting to steal beer for a gang party.

On March 8, 1996, the police arrested Vallejo and interviewed him. Vallejo said he and "Scrappy" tried to steal some beer from the complainant's store, and that Scrappy was the one who shot the complainant. Vallejo identified the appellant as Scrappy.

The police showed a witness the appellant's photo, and the witness identified him as one of the people who robbed the store. The police viewed the surveillance tape from another convenience store. On that tape, the appellant was seen committing a similar beer theft on the same night the complainant was shot.

After taking Vallejo's written statement, Officer Hoffman contacted the district attorney's office, and spoke to an assistant district attorney (ADA). The ADA told Hoffman a warrant was not needed to take the appellant into custody because he was a juvenile. The police went to the appellant's house, but he was not there. Instead, they found him at another house where several juveniles were having a party. The police were allowed into the house by the person who answered the door. Hoffman said that when they went into the house, it did not appear there were any adults supervising the juveniles.

The appellant was found hiding in a back room of the house. Hoffman did not know when the appellant was arrested, but that it was between midnight and 1:30 a.m.. The appellant was taken to the sheriff's department annex on Clay Road, a designated juvenile processing office. The appellant was placed in a room by himself, isolated from adult prisoners, during the 20–30 minute stop at the Clay Road annex. While at this location, the officers picked up the surveillance video that showed appellant stealing beer on the night of the murder.

The officers left the Clay Road facility with the appellant, and took him to the offices of the homicide division of the sheriff's department at 601 Lockwood, another designated juvenile processing office. The appellant was given his *Miranda* warnings in the car. At 2:30 a.m., they arrived at

the Lockwood office, where they remained for approximately 40 or 45 minutes. Hoffman spoke to the appellant briefly at his desk while another detective located a magistrate. The detective found a municipal judge, Judge Biggs, for the City of Galena Park.

The officers took the appellant to the judge's chambers in the Galena Park City Hall. They arrived there at about 3:35 a.m.. Judge Biggs gave the appellant the warnings required by the Family Code, and then left the appellant alone in his chambers with Officers Hoffman and Roberts. Hoffman and Roberts took the appellant's written statement. Judge Biggs returned to his chambers when the statement was completed. The officers left the appellant alone with Judge Biggs. Judge Biggs determined that the appellant had knowingly and voluntarily given his written statement. Judge Biggs witnessed the execution of the statement at 5:11 a.m..

### Warrantless Arrest

In issue one, the appellant argues his confession should have been suppressed because it was the result of an illegal, warrantless arrest. The State argues a warrant was not needed because of Family Code section 52.01(a) and *Cornealius v. State*, 900 S.W.2d 731, 733 (Tex.Crim.App. 1995). We agree with the State.

Family Code section 52.01(a) explains the limited circumstances of when a child may be taken into custody. There are six instances when this may happen: (1) by order of the juvenile court; (2) according to the laws of arrest; (3) by a law-enforcement officer if there is probable cause to believe the child has violated a penal law of the State; (4) by a law-enforcement officer if there is probable cause to believe the child has engaged in delinquent conduct or conduct indicating a need for supervision; (5) by a probation officer if there is probable cause to believe the child has violated a condition of probation; or (6) by a directive to apprehend issued under Family Code section 52.015. Tex. Fam.Code

§ 52.01(a)(1)-(5); *see Cornealius*, 900 S.W.2d at 733 (stating an arrest warrant is not needed to arrest a juvenile under Family Code section 52.01(a)); *Blackmon v. State*, 926 S.W.2d 399, 404 (Tex.App.—Waco 1996, pet. ref'd) (same).

■ Here, the State claims a warrant was not needed because the appellant was taken into custody by a law-enforcement officer who had probable cause to believe the appellant had violated the law. We agree. Family Code section 52.01(a) authorized the police to take the appellant into custody because the officers had probable cause to believe the appellant had engaged in conduct violating the laws of the State, namely that he had committed two robberies and a murder. *See Cornealius*, 900 S.W.2d at 733; *Blackmon*, 926 S.W.2d at 404.

The appellant relies on *Roth v. State*, 917 S.W.2d 292 (Tex.App.—Austin 1995, no pet.), to argue that a warrant was needed. His reliance is misplaced.

In *Roth*, the defendant argued his confession should have been suppressed because of an illegal entry into his home. 917 S.W.2d at 297. The police went to the defendant's apartment because they were looking for a juvenile runaway whom they believed had a gun. *Id.* When the police knocked on the door, the defendant answered and told them he would get the juvenile. *Id.* at 298. There was disputed testimony concerning whether the defendant consented to police entry of the apartment. *Id.* at 297–98. When the police entered the apartment, they followed the defendant into a bedroom, and along with the juvenile, they found contraband in plain view. *Id.* at 298. The defendant claimed the contraband, and was convicted of possession of a controlled substance. *Id.*

■ The issue in *Roth* centered on the *warrantless entry* into the defendant's home, which is different from the issue we

address—a warrantless arrest.[1] In negating all possible theories to justify the police's entry, the court said that Family Code section 52.01(a) did not authorize the *warrantless entry* into the defendant's residence for the purpose of taking custody of the runaway juvenile. *Roth*, 917 S.W.2d at 302. However, the court interpreted the statute as permitting an officer to take a child into custody without a warrant under the circumstances prescribed by the statute. *Id.* Thus, the dicta in *Roth* supports our interpretation of the statute—that Family Code section 52.01 permits the warrantless arrest of a child under the prescribed circumstances.

We overrule the appellant's issue one.

### Family Code Requirements

In issue two, the appellant argues his confession should have been suppressed because the police did not comply with the Family Code requirements. The appellant claims (1) the police did not take him to facilities designated by the juvenile courts as juvenile detention centers, and (2) he was denied the right to have either his family, an attorney, or a representative from the probation office present when he was in custody.

*1. Juvenile detention centers*

The testimony before the trial court established that the appellant was taken to the Clay Road annex, 601 Lockwood, and Judge Biggs' chambers at the Galena Park City Hall. The appellant claims the Clay Road annex and the Lockwood office were not properly designated as juvenile processing offices.[2]

Upon request of both the appellant and the State, the trial court took judicial notice of the guidelines that set forth designated juvenile processing offices. The State requests this Court take judicial notice of the guidelines as well. The guidelines indicate that the Clay Road and Lockwood locations are properly designated as juvenile processing offices. At the Clay Road location, the appellant was kept in a room by himself, isolated from any adult prisoners. At the Lockwood location, Hoffman sat with the appellant at his desk while they waited for Roberts to find a magistrate.

■ The appellant relies on *Anthony v. State*, 954 S.W.2d 132 (Tex.App.—San Antonio 1997, no pet.), which is distinguishable from the present case. In *Anthony*, the court held it was error for the police officers to take the juvenile's statement in the homicide office because it was not an exclusive juvenile holding area. 954 S.W.2d at 135–136. Although the appellant was taken to the homicide division of the sheriff's department (the Lockwood location), his statement was not taken there. The appellant's written statement was transcribed, witnessed, and executed in the chambers of the magistrate, Judge Biggs, an official designated by the juvenile court. Therefore, the appellant's argument is without merit.

*2. Parental notification*

The appellant also argues his confession should have been suppressed because the police did not promptly notify his parents that he was in custody, rendering his confession illegal and inadmissible. Under Family Code section 52.02(b), the officer must promptly notify the child's parent, guardian, or custodian, and the office or official designated by the juvenile court, that he has taken the child into custody, and state the reason for doing so. *See In*

---

1. Even if this were a warrantless entry case, the appellant does not have standing to complain of a Fourth Amendment violation because he had no reasonable expectation of privacy in the home of a third party where he was arrested, and because the police could rely upon the apparent authority of the individual who admitted them into the home.

2. In his brief, for the first time, the appellant claims he was taken to a jail cell at the Clay Road location, but there was no evidence of this at the hearing.

*re C.R.*, 995 S.W.2d 778, 782 (Tex.App.—Austin, pet. filed Sept.28, 1999) (finding juvenile's confession inadmissible because Family Code section 52.02(b) was violated).

 We initially held section 52.02(b) does not provide a grounds to exclude the appellant's confession, because section 51.095(a)(1)(A) addresses the proper procedure for obtaining a written statement from a juvenile. Under section 51.095(a)(1)(A), a juvenile's written statement is admissible as evidence if the statement is made in writing and the statement shows that the child has received his warnings from a magistrate. Tex. Fam.Code § 51.095(a)(1)(A); *Anthony v. State*, 954 S.W.2d 132, 134 (Tex.App.—San Antonio 1997, no pet.). As Judge Biggs testified, he gave the appellant the statutory warnings at least twice, when the appellant first arrived and before he signed his statement. Judge Biggs verified that the appellant knowingly and voluntarily made the statement.

Although we find that the requirements of section 51.095(a)(1)(A) were met, we must conclude the appellant's confession was inadmissible because of the violation of Family Code section 52.02(b). *See Le v. State*, 993 S.W.2d 650, 655–56 (Tex.Crim. App.1999) (holding juvenile's written confession inadmissible because of violation of Family Code section 52.02(a)); *C.R.*, 995 S.W.2d at 782 (finding juvenile's confession inadmissible because of violation of Family Code section 52.02(b)). The State did not meet its burden of showing that the appellant's parents, guardian, or custodian, and the office or official designated by the juvenile court, were promptly notified. Instead, the arresting officer testified that he did not notify the appellant's parents that the appellant was in custody.

We sustain the appellant's issue two.

We reverse the trial court's judgment and remand for a new trial.[3]

---

**3.** We note that in *Le,* the Court of Criminal Appeals remanded to the appellate court to conduct a harm analysis in light of the remaining evidence offered at the defendant's trial. In the present case, the appellant pled guilty; thus, we are unable to conduct a harm analysis.