**Chance Derrick GONZALES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–98–00540–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 26, 2003.

The panel on remand consisted of Justices TAFT, ALCALA, and PRICE.*

## EN BANC OPINION ON REMAND FROM THE COURT OF CRIMINAL APPEALS

TIM TAFT, Justice.

Having been certified to be tried as an adult for capital murder, appellant, Chance Derrick Gonzales, pled guilty to murder after the trial court had denied a motion to suppress his written confession. Pursuant to a plea-bargain agreement, the trial court assessed punishment at 45 years in prison. This Court originally affirmed the trial court's judgment. On rehearing, on November 4, 1999, this Court reversed the trial court's judgment in an opinion withdrawing and superseding its first opinion. *See Gonzales v. State,* 9 S.W.3d 267 (Tex. App.-Houston [1st Dist.] 1999) (*Gonzales I* ). The Texas Court of Criminal Appeals reversed this Court's judgment, holding that we failed to consider whether there was a causal connection between the violation of Section 52.02(b) of the Family Code,[1] requiring the prompt notification of parents after taking a juvenile into custody, and the acquisition of appellant's confession. *Gonzales v. State,* 67 S.W.3d 910, 913–14 (Tex.Crim.App.2002) (*Gonzales II* ). That court remanded the cause for us to determine the existence, if any, of a causal connection. *Id.* We affirm.

Michael B. Charlton, Houston, TX, for Appellant.

William J. Delmore, III, Chief Prosecutor, Appellate Division, John B. Holmes, District Attorney, Houston, TX, for Appellee.

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

## Facts

On February 18, 1996, appellant, then a juvenile, shot and killed a convenience store clerk during an attempted robbery. The police investigators received information from a confidential informant, which

1. TEX. FAM.CODE ANN. § 52.02(b) (Vernon Supp. 2004).

information eventually led them to appellant, who was identified as the shooter. On March 8, 1996, appellant was found at a house, where he and several other juveniles were having a party, and was taken into custody between midnight and 1:30 a.m. Appellant was taken to a juvenile processing office, where he was placed in a room by himself for 20 to 30 minutes, while the arresting officers picked up a surveillance videotape of a beer theft involving appellant at a different convenience store on the night of the murder. Officers then took appellant to the homicide division of the sheriff's department at 610 Lockwood in Houston, another designated juvenile processing office, around 2:30 a.m. Appellant was given his warnings in the car on the way to the Lockwood office. Appellant was kept at the Lockwood office for approximately 40 to 45 minutes while one of the officers located a municipal judge in the area.

The officers then took appellant to the municipal judge's chambers, arriving there about 3:35 a.m. Between 3:39 a.m. and 3:49 a.m., the municipal judge gave appellant the warnings required by the Family Code and then left appellant alone with the officers in the judge's office. The officers then took appellant's written statement. After the statement was completed, the judge returned to his chambers, and the officers left appellant alone with the judge. At 4:42 a.m., the judge began his determination that appellant had knowingly and voluntarily given his written statement. The judge completed his determination and witnessed the execution of the statement at 5:11 a.m.

### Causal–Connection Requirement

■ As part of his second point of error, appellant contends that his confession should have been suppressed because the police did not comply with Family Code requirements. Section 52.02(b) of the Family Code requires that a person taking a child into custody promptly give notice of the person's action, and a statement of the reason for taking the child into custody, to the child's parent, guardian, or custodian and to the office or official designated by the juvenile board. Tex. Fam.Code Ann. § 52.02(b) (Vernon Supp.2004). Appellant's complaint focuses on the failure to notify his parents promptly.

■ This day, in a case raising the same issue, we have held that, when a juvenile seeks to suppress a confession given after a failure to notify the juvenile's parents promptly of the juvenile's whereabouts and the reason for taking the juvenile into custody, the burden is initially upon the defendant to show a violation of the statutory requirement and a causal connection between that violation and the ensuing confession. See Pham v. State, No. 01–99–00631–CR, 125 S.W.3d 622, 627–628, 2003 WL 22807944, *4–*5 (Tex.App.-Houston [1st Dist.] Nov. 26, 2003, no pet. h.). Once the defendant meets his burden, the State must then shoulder the burden of demonstrating attenuation of the taint. *Id.*

In its original brief, the State argued that appellant had not shown a causal connection between the delay in notifying appellant's parents and appellant's decision to give a statement. On remand, appellant argues that this causal connection must be determined by reference to the attenuation standard. Having held in *Pham* that the initial burden is on the defendant to show a causal connection, we look to appellant to meet this burden. *See id.* Appellant points to no evidence in the record demonstrating a causal connection between the failure to notify his parents and his decision to give a statement to the police, and we have found no such evidence. Accordingly, we overrule that portion of appel-

lant's second point of error complaining of the police's failure to notify appellant's parents.

## Conclusion

Having addressed and overruled appellant's remaining contentions in our original opinion, *Gonzales I,* we affirm the judgment of the trial court.

En banc consideration was requested.

A majority of the Justices of the Court voted for en banc consideration.

The en banc Court consists of Chief Justice RADACK and Justices HEDGES, TAFT, NUCHIA, JENNINGS, KEYES, ALCALA, HANKS, HIGLEY, and PRICE.

Justice KEYES, joined by Justice PRICE, dissenting.

EVELYN V. KEYES, Justice, dissenting.

Because I believe the majority has misconstrued and misapplied the law in this case, I respectfully dissent.

*Family Code Section 52.02(b) and Code of Criminal Procedure Article 38.23*

This case is the remand of *Gonzales v. State,* 9 S.W.3d 267 (Tex.App.-Houston [1st Dist.] 1999) *(Gonzales I ).* The Texas Court of Criminal Appeals held that we failed to consider whether there was a causal connection between the violation of section 52.02(b) of the Family Code, which requires the prompt notification of parents after taking a juvenile into custody, and the acquisition of appellant's confession, which would require exclusion of the confession under article 38.23 of the Code of Criminal Procedure. *Gonzales v. State,* 67 S.W.3d 910, 913–14 (Tex.Crim.App.2002) *(Gonzales II ).* It vacated our judgment and remanded the case for further proceedings consistent with its opinion. *Id.* I believe the majority has misinterpreted the court's instructions.

In *Gonzales I,* we had held that appellant's written statement was *automatically* inadmissible because his parents were not given prompt notice of his being taken into custody and the reason for taking him into custody, in accordance with Family Code § 52.02(b). *See Gonzales II,* 67 S.W.3d at 910–911. The Court of Criminal Appeals explained that " § 52.02(b) is not an independent exclusionary statute"; thus, if evidence is to be excluded because of a § 52.02(b) violation, it must be excluded through the operation of article 38.23(a) of the Texas Code of Criminal Procedure, which necessarily entails a causal connection analysis between the section 52.02 violation and the acquisition of the evidence sought to be suppressed.[1] *See id.* at 912–13.

Article 38.23(a) provides that "[n]o evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas ... shall be admitted in evidence." *Id.* (quoting TEX.CODE CRIM. PROC. ANN. art. 38.23(a) (Vernon Supp.2003)). Illegally obtained evidence is inadmissible against an accused. *Id.; In re C.R.,* 995 S.W.2d 778, 783 (Tex.App.-Austin 1999, pet. denied). Evidence is not "obtained" in violation of a provision of law, however, unless there is a causal connection between the illegal conduct and the acquisition of the evidence. *Gonzales,* 67 S.W.3d at 912. Article 38.23 thus embraces the attenuation doctrine under which "evidence sufficiently attenuated from the violation of the law is not consid-

---

1. The Family Code expressly makes Chapter 38 of the Code of Criminal Procedure applicable to juvenile proceedings. *See* TEX. FAM.CODE ANN. § 51.17(c) (Vernon Supp.2003); *see also Le v. State,* 993 S.W.2d 650, 656 (Tex.Crim. App.1999).

ered to be 'obtained' therefrom." *See Johnson v. State*, 871 S.W.2d 744, 750–51 (Tex.Crim.App.1994); *see also Gonzales II*, 67 S.W.3d at 915 (Keasler, J., concurring). Therefore, "an otherwise valid confession following a detention that is illegal as a matter of state law will not be excludable under article 38.23 when it is determined that the taint of the illegality has dissipated by the time the confession was taken." *Comer v. State*, 776 S.W.2d 191, 196 (Tex. Crim.App.1989) (citing *Bell v. State*, 724 S.W.2d 780, 787 (Tex.Crim.App.1986)). To determine whether the causal chain between the violation of law and the illegally obtained statement is broken, the *Bell* court (cited in *Comer*) relied on four relevant factors from *Brown v. Illinois*:[2] "(1) the giving of *Miranda* warnings; (2) the temporal proximity of the arrest and the confession; (3) the presence of intervening circumstances; and (4) the purpose and flagrancy of the official misconduct." *Bell*, 724 S.W.2d at 788 (citing *Brown*, 422 U.S. at 604–05, 95 S.Ct. at 2261–62).

Our task is, therefore, is first to determine whether section 52.02(b) was violated. If we find a violation of section 52.02(b), we must determine whether there is a causal connection between the violation and the acquisition of appellant's statement, requiring exclusion of the statement under article 38.23, or whether the taint of the violation had so dissipated by the time appellant gave his statement that it is not considered to have been obtained in violation of law and thus exclusion is not required by article 38.23.

*Burden of Proof*

When, as here, a defendant seeks to suppress evidence, the burden of proof is initially on the defendant. *Russell v. State*, 717 S.W.2d 7, 9 (Tex.Crim.App. 1986); *Ashcraft v. State*, 934 S.W.2d 727,

735 (Tex.App.-Corpus Christi 1996, pet. ref'd). The defendant must produce evidence that defeats a presumption of proper police conduct, which then shifts the burden to the State to prove compliance. *Russell*, 717 S.W.2d at 9; *Ashcraft*, 934 S.W.2d at 735. Therefore, once a juvenile defendant puts on evidence that section 52.02(b) of the Family Code was violated, the burden shifts to the State to show that the juvenile's statement was taken in compliance with section 52.02(b); if the court finds a violation, it must determine whether exclusion is appropriate or whether the taint of the violation of section 52.02(b) was so attenuated that article 38.23 does not require exclusion. *Roquemore v. State*, 60 S.W.3d 862, 869–70 (Tex.Crim.App.2001).

*Discussion*

Here, appellant was arrested between midnight and 1:30 a.m. for the murder of a convenience store clerk and began his statement no earlier than 3:40 a.m., at least 2½ hours after his arrest. During this time, he was taken to a juvenile processing office and left alone while the arresting officers picked up a surveillance videotape involving appellant recorded that night at a different convenience store. He was then taken to another designated juvenile processing office around 2:30 a.m. and, on the way, was informed of his *Miranda* rights. He was kept there while the officers located a municipal judge, then taken to the judge's chambers, where he was left alone with the judge between 3:35 a.m. and 3:49 a.m. and was again informed of his rights. He was then left alone with the officers in the judge's office and his statement taken. After that, the judge returned to his chambers and appellant was again left alone with the judge from 4:42 a.m., when the judge began his determination that appellant had knowingly and voluntarily given his written statement, until

---

**2.** *Brown v. Illinois*, 422 U.S. 590, 603, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975).

5:11 a.m., when the judge completed his determination and witnessed the execution of the statement. Only after that were appellant's parents notified.

In *Comer*, the Court of Criminal Appeals held that detaining a juvenile for approximately three hours to obtain his confession violated the requirement of section 52.02(a) of the Family Code that the juvenile be taken immediately to either an authorized officer of the juvenile court or to a juvenile detention center and that the taint of the unlawful detention under section 52.02(a) had not dissipated by the time appellant gave his confession; therefore, the statement should have been suppressed under article 38.23. 776 S.W.2d 191, 196–97 (Tex.Crim.App.1989). Here, as the Court of Criminal Appeals observed in *Gonzales II*,

> The entire process, from the moment of appellant's arrest until later release to the juvenile detention facility, lasted about five hours. The arresting officer made no attempt to notify appellant's parents. Furthermore the record suggests that appellant's parents were not notified of his arrest until he was processed into the juvenile detention facility, five to six hours after he was initially taken into custody.

67 S.W.3d at 911.

A five to six hour delay before notifying appellant's parents of his detention, or making any attempt to notify them, during which time appellant's statement was obtained and he was processed into a juvenile detention facility, is an even more egregious violation of both the spirit and the letter of section 52.02(b) than the violation of section 52.02(a) at issue in *Comer*. *See Hill v. State*, 78 S.W.3d 374, 382–84 (Tex. App.-Tyler 2001, pet. ref'd) (holding notice not prompt under section 52.02(b) where officers waited 4 hours and 20 minutes before notifying mother, after defendant

had confessed, and reversing case); *In re C.R.*, 995 S.W.2d at 782 (holding juvenile's confession inadmissible because of violation of section 52.02(b) where no attempt was made to contact mother until after officers took juvenile to juvenile processing center, issued warnings, and took statement). Nothing in the record indicates any attempt by the officers to comply with section 52.02(b). Therefore, I would hold that section 52.02(b) was violated.

Although appellant had an absolute right to have his parents or an attorney accompany him in the juvenile processing office, he did not have that opportunity because his parents were not promptly notified. The fact that the officers made no attempt to notify appellant's parents of his whereabouts or the reason for his detention for five to six hours—three hours of which were spent obtaining his confession—supports the inference that the officers' violation of section 52.02(b) caused appellant to give the officers the confession they wanted.

Here, as in *Comer*, none of the factors that attenuate the taint of an illegally obtained confession were satisfied, other than the giving of *Miranda* warnings. *See* 776 S.W.2d at 196. Instead, the officers took 2½ to 3 hours to obtain appellant's confession in the absence of his parents or an attorney and without even attempting to notify his parents of his whereabouts or the reason for his detention; only after the officers had obtained appellant's confession and processed him into a juvenile facility were appellant's parents notified—five to six hours after he was taken into custody. I would find therefore, that the taint of the violation of section 52.02(b) was *not* attenuated.

The Court of Criminal Appeals has established a practice of strict compliance with section 52.02. *Roquemore*, 60 S.W.3d at 872. Applying that standard, I would

hold that appellant's confession was obtained in violation of law and should have been suppressed under article 38.23.

I would reverse the judgment of the trial court and remand for a new trial.