In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-98-00540-CR
_____________

CHANCE DERRICK GONZALES, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 208th District Court
Harris County, Texas
Trial Court Cause No. 781665




EN BANC OPINION ON REMAND FROM THE
  COURT OF CRIMINAL APPEALS

          Having been certified to be tried as an adult for capital murder, appellant,
Chance Derrick Gonzales, pled guilty to murder after the trial court had denied a
motion to suppress his written confession. Pursuant to a plea-bargain agreement, the
trial court assessed punishment at 45 years in prison. This Court originally affirmed
the trial court’s judgment. On rehearing, on November 4, 1999, this Court reversed
the trial court’s judgment in an opinion withdrawing and superseding its first opinion. 
See Gonzales v. State, 9 S.W.3d 267 (Tex. App.—Houston [1st Dist.] 1999)
(Gonzales I). The Texas Court of Criminal Appeals reversed this Court’s judgment,
holding that we failed to consider whether there was a causal connection between the
violation of Section 52.02(b) of the Family Code,


 requiring the prompt notification
of parents after taking a juvenile into custody, and the acquisition of appellant’s
confession. Gonzales v. State, 67 S.W.3d 910, 913-14 (Tex. Crim. App. 2002)
(Gonzales II). That court remanded the cause for us to determine the existence, if
any, of a causal connection. Id. We affirm.
Facts
          On February 18, 1996, appellant, then a juvenile, shot and killed a convenience
store clerk during an attempted robbery. The police investigators received
information from a confidential informant, which information eventually led them to
appellant, who was identified as the shooter. On March 8, 1996, appellant was found
at a house, where he and several other juveniles were having a party, and was taken
into custody between midnight and 1:30 a.m. Appellant was taken to a juvenile
processing office, where he was placed in a room by himself for 20 to 30 minutes,
while the arresting officers picked up a surveillance videotape of a beer theft
involving appellant at a different convenience store on the night of the murder. 
Officers then took appellant to the homicide division of the sheriff’s department at
610 Lockwood in Houston, another designated juvenile processing office, around
2:30 a.m. Appellant was given his warnings in the car on the way to the Lockwood
office. Appellant was kept at the Lockwood office for approximately 40 to 45
minutes while one of the officers located a municipal judge in the area.
          The officers then took appellant to the municipal judge’s chambers, arriving
there about 3:35 a.m. Between 3:39 a.m. and 3:49 a.m., the municipal judge gave
appellant the warnings required by the Family Code and then left appellant alone with
the officers in the judge’s office. The officers then took appellant’s written statement. 
After the statement was completed, the judge returned to his chambers, and the
officers left appellant alone with the judge. At 4:42 a.m., the judge began his
determination that appellant had knowingly and voluntarily given his written
statement. The judge completed his determination and witnessed the execution of the
statement at 5:11 a.m.       
Causal-Connection Requirement
          As part of his second point of error, appellant contends that his confession
should have been suppressed because the police did not comply with Family Code
requirements. Section 52.02(b) of the Family Code requires that a person taking a
child into custody promptly give notice of the person’s action, and a statement of the
reason for taking the child into custody, to the child’s parent, guardian, or custodian
and to the office or official designated by the juvenile board. Tex. Fam. Code Ann.
§ 52.02(b) (Vernon Supp. 2004). Appellant’s complaint focuses on the failure to
notify his parents promptly.
          This day, in a case raising the same issue, we have held that, when a juvenile
seeks to suppress a confession given after a failure to notify the juvenile’s parents
promptly of the juvenile’s whereabouts and the reason for taking the juvenile into
custody, the burden is initially upon the defendant to show a violation of the statutory
requirement and a causal connection between that violation and the ensuing
confession. See Pham v. State, No. 01-99-00631-CR, slip op. at 10-11 (Tex.
App.—Houston [1st Dist.] Nov. 26, 2003, no pet. h.). Once the defendant meets his
burden, the State must then shoulder the burden of demonstrating attenuation of the
taint. Id.
          In its original brief, the State argued that appellant had not shown a causal
connection between the delay in notifying appellant’s parents and appellant’s
decision to give a statement. On remand, appellant argues that this causal connection
must be determined by reference to the attenuation standard. Having held in Pham
that the initial burden is on the defendant to show a causal connection, we look to
appellant to meet this burden. See id. Appellant points to no evidence in the record
demonstrating a causal connection between the failure to notify his parents and his
decision to give a statement to the police, and we have found no such evidence. 
Accordingly, we overrule that portion of appellant’s second point of error
complaining of the police’s failure to notify appellant’s parents.
Conclusion
          Having addressed and overruled appellant’s remaining contentions in our
original opinion, Gonzales I, we affirm the judgment of the trial court.




     Tim Taft
     Justice

The panel on remand consisted of Justices Taft, Alcala, and Price.




En banc consideration was requested. See Tex. R. App. P. 41.2(c).

A majority of the Justices of the Court voted for en banc consideration. See id.

The en banc Court consists of Chief Justice Radack and Justices Hedges, Taft,
Nuchia, Jennings, Keyes, Alcala, Hanks, Higley, and Price. See Tex. R. App. P.
41.2(a).

Justice Keyes, joined by Justice Price, dissenting.

Publish. Tex. R. App. P. 47.2(b).