**Clifton Eugene CORNEALIUS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 238–94.**

Court of Criminal Appeals of Texas, En Banc.

May 24, 1995.

---

James L. Supkis, Michael B. Charlton, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. & J. Harvey Hudson, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

McCORMICK, Presiding Judge.

Appellant was charged in a multi-count indictment with the murder and aggravated robbery of Manuel Carrillo, the murder and aggravated robbery of Francisca Rincon–Garza, the murder and aggravated robbery of Abraham Moises Ramos Vargas, and the attempted capital murder of Julio Gallegos. Pursuant to a plea agreement, appellant waived his right to a jury and entered a plea of guilty to aggravated robbery as alleged in count two, aggravated robbery as alleged in count four, murder as alleged in count five, and attempted capital murder as alleged in count seven. The trial court found appellant guilty and in each case sentenced him to 45 years confinement in the Institutional Division of the Texas Department of Criminal Justice. The conviction was affirmed on appeal. *Cornealius v. State,* 870 S.W.2d 169 (Tex.App.—Houston [14th] 1994). We granted appellant's petition for discretionary review to determine whether the Court of Appeals erred in determining that there was no connection between appellant's illegal arrest and appellant's subsequent statement. We will affirm.

On August 27, 1991, during the commission of an aggravated robbery in a house located at 115 Boyles in Houston, Texas, three persons were murdered and another seriously

wounded. During the subsequent investigation, the police learned that three males had participated in the robbery and murders. On November 6, 1991, Officer Allan Brown arrested Kenneth Brown and obtained a statement from him regarding his involvement in the crimes. Kenneth Brown identified one of the individuals who had participated in the crimes as "Tootie", but refused to identify the other individual because it was his cousin. The police later learned that "Tootie" was Deandrea Allen.

The next day Deandrea Allen was arrested by Officer Brown. Deandrea Allen then gave a statement that his two cohorts in crime were "Peaches", who was later determined to be Kenneth Brown, and Kenneth's cousin, the appellant. Based upon this information, Officer Brown proceeded to appellant's grandmother's house at approximately 7:30 p.m. where he observed two men standing on the front porch. The police officers approached the front porch and asked the two men if either of them happened to be Clifton Cornealius. Appellant answered that he was and was then placed under arrest. Appellant's subsequent confession was the subject of a motion to suppress which was denied by the trial court.

The Court of Appeals found that the police possessed probable cause to believe that appellant had participated in the murders and that the police did not need an arrest warrant to take appellant into custody pursuant to V.T.C.A. Family Code, Section 52.01(a)(1)–(4) since he was a juvenile. *Cornealius*, 870 S.W.2d at 171. The Court of Appeals held that appellant's arrest was unlawful under the Fourth Amendment in that he was arrested without a warrant on his grandmother's front porch. *Id.* at 173. However, the Court of Appeals went on to hold that the

taint of the unlawful arrest was sufficiently attenuated to permit the introduction of appellant's confession. *Id.* at 174.

▮ Appellant claims that the Court of Appeal's opinion ignores this Court's decisions in *Comer v. State*, 776 S.W.2d 191 (Tex.Cr.App.1989) and *Bell v. State*, 724 S.W.2d 780 (Tex.Cr.App.1986). However, under both *Bell* and *Comer* there can be no connection between the "illegal arrest" and appellant's subsequent statement if the arrest was not illegal. *See Comer*, 776 S.W.2d at 193; *Bell*, 724 S.W.2d at 787.

In order to address the question of whether the Court of Appeals erred in determining that there was no connection between appellant's illegal arrest and appellant's subsequent statement, we must consider the threshold question of whether appellant was illegally seized under the Fourth Amendment and Article I, Section 9 of the Texas Constitution.[1]

▮ We agree with the Court of Appeals that the police possessed probable cause to believe that appellant had participated in the murders and that the police did not need an arrest warrant to take appellant into custody since he was a juvenile. *Cornealius*, 870 S.W.2d at 171. However, we hold that the Court of Appeals was erroneous in its finding that appellant's arrest was unlawful under the Fourth Amendment in that he was arrested without a warrant on his grandmother's front porch. *Id.* at 173.

▮ Nothing in our Constitutions prevent a police officer from addressing questions to citizens on the street; it follows that nothing would prevent him from knocking politely on any closed door. *Rodriguez v. State*, 653 S.W.2d 305, 307 (Tex.Cr.App.1983). This

---

1. The dissent would have us ignore the question of the legality of appellant's arrest because "the conclusion is not challenged." The dissent also writes that "[T]o reach an issue that has not been raised, briefed or argued is patently unfair." This assertion is not true.

   The State uses over a page out of three and one-half pages of the arguments and authorities section of its brief to argue that the arrest was not illegal. The appellant argues that the Court of Appeals "agreed with appellant's contention that appellant's arrest was in violation of the

United States and Texas Constitutions." However, another of the appellant's main arguments is that there was police misconduct and that it was "flagrant," citing *Bell v. State*, 724 S.W.2d 780 (Tex.Cr.App.1986) and *Comer v. State*, 776 S.W.2d 191 (Tex.Cr.App.1989). Both sides challenged the holding of the Court of Appeals regarding the legality of the arrest, as well as the presence and flagrancy of any police misconduct. The issue was raised, briefed, and argued by both sides.

Court has held that anyone, be it law enforcement officer or common citizen, has the right to approach an appellant's front door. *Bower v. State,* 769 S.W.2d 887, 897 (Tex.Cr. App.), cert. denied, 492 U.S. 927, 109 S.Ct. 3266, 106 L.Ed.2d 611 (1989), overruled on other grounds, *Heitman v. State,* 815 S.W.2d 681 (Tex.Cr.App.1991). In *Bower,* we further said:

> "Absent express orders from the person in possession against any possible trespass, there is no rule of private or public conduct which makes it illegal per se, or a condemned invasion of the person's right of privacy, for anyone openly and peaceably ... to walk up the steps and knock on the front door of any man's "castle" with the honest intent of asking questions of the occupant thereof-whether the questioner be a pollster, a salesman, or an officer of the law."

*Id.* (quoting *Davis v. United States,* 327 F.2d 301, 303 (9th Cir.1964).)

The United States Court of Appeals for the Ninth Circuit has recently addressed the issue of whether an arrest at the open threshold of a dwelling requires a warrant if the arrestee has voluntarily exposed himself to the arresting officer. *U.S. v. Vaneaton,* 49 F.3d 1423 (9th Cir.1995). In that case police officers went to a motel without a warrant in order to ascertain if the defendant was there, and if he was, to arrest him. The officers found that the defendant was registered at the motel, went to his room, and knocked on the door. The defendant looked out a window, saw the uniformed officers, and then opened the door. The police asked him if he was Jack Vaneaton and the defendant responded that he was. He was then placed under arrest. A majority of the Court held that the arrest did not violate the Fourth

Amendment in that the defendant voluntarily exposed himself to warrantless arrest by freely opening the door to the police. *Id.*

In the case before us the officers approached appellant's grandmother's house and observed two males out on the front porch. The officers simply asked if either one of them was Clifton Cornealius, and appellant voluntarily responded. At this point appellant was legally arrested under Section 52 of the Family Code. Appellant's arrest under this fact situation violated neither the United States nor the Texas Constitutions.

Although the Court of Appeals erred in finding appellant's arrest to be illegal, they did not err in finding that the trial court properly denied appellant's motion to suppress his written confession. Accordingly, the judgment of the Court of Appeals is affirmed.

OVERSTREET, J., concurs in the result.

BAIRD, Judge, dissenting.

The majority opinion raises two procedural questions. First, should this Court disturb a holding of the court of appeals when that holding has not been challenged by either party? Second, what action should we take when the decision of the court of appeals fails to consider relevant, and perhaps controlling, authority from this Court?

## I.

In resolving appellant's third point of error, the Court of Appeals concluded appellant's arrest was illegal. *Cornealius v. State,* 870 S.W.2d 169, 173 (Tex.App.—Houston [14th Dist.] 1994). This conclusion is not challenged because the State did not seek our review of the arrest issue.[1] The instant

---

1. The majority believes the State has challenged the Court of Appeals holding because "[t]he State uses over a page out of three and one-half pages of the arguments and authorities section of its brief to argue that the arrest was not illegal." *Ante,* 900 S.W.2d at 733, n. 1. The majority's conclusion that the State's brief on appellant's petition for discretionary review properly preserves the issue for our review is incorrect and contradicts a long line of authority from this Court. In *Keith v. State,* 782 S.W.2d 861, 863, n. 4 (Tex.Cr.App.1989), we held the issue was not preserved for review simply because it is includ-

ed within the State's brief. Judge White, who authored the opinion of the Court, stated:

> *In its brief,* the State devotes considerable space to an argument.... We do not reach this argument of the State, however, because it has not been preserved for review before this Court.... In [*Wilson v. State,* 772 S.W.2d 118 (Tex.Cr.App.1989)], this Court held that where the State intends to claim an error by the Court of Appeals' rejection of an argument, that claim should be presented to this Court in a petition for discretionary review or a cross-

case is before us on appellant's petition and he obviously does not challenge the favorable holding by the Court of Appeals. Nevertheless, the majority *sua sponte* addresses the arrest issue and holds the Court of Appeals erred in holding appellant's arrest was illegal. *Ante,* 900 S.W.2d at 734.

We should not disturb a holding by the court of appeals when that holding has not been challenged by either party. Unless we grant review on our own motion, Tex. R.App.P. 200(a), our review is limited to the issues raised by the parties. In the instant case, the majority disturbs an uncontested holding of the Court of Appeals in order to avoid review of the ground we agreed to decide. *See,* II, *infra.* To reach an issue that has not been raised, briefed or argued by the parties is patently unfair.

## II.

After holding appellant's arrest was illegal, the Court of Appeals held appellant's confession was sufficiently attenuated from the illegal arrest. *Cornealius,* 870 S.W.2d at 174. However, in conducting its attenuation analysis, the Court failed to consider two cases cited by appellant, *Comer v. State,* 776 S.W.2d 191 (Tex.Cr.App.1989), and *Bell v. State,* 724 S.W.2d 780 (Tex.Cr.App.1986). We granted review to consider the Court of Appeals' attenuation analysis.

Our discretionary review is limited to "decisions" of the courts of appeals. However, if we review a decision where the court of appeals failed to apply the relevant authority, we are essentially conducting a *de novo* review of the issue; circumventing the court of appeals from the appellate process. When a court of appeals fails to consider relevant authority, we should vacate its judgment and remand the case for reconsideration in light of that relevant authority. Indeed, that was the procedure followed in *Thomason v. State,* 892 S.W.2d 8 (Tex.Cr.App.1994).

## III.

In order to place the instant case in the correct posture for our ultimate review, we should remand this case to the Court of Appeals for reconsideration in light of *Bell* and *Comer.* Because the majority fails to do so, I respectfully dissent.

CLINTON, J., joins part I. of this opinion.

MALONEY, J., joins this opinion.

---

petition for discretionary review. Since the State "won" before the Court of Appeals in the instant case, a cross-petition would have been both appropriate and *necessary to preserve this issue for review by this Court.*
*Keith,* 782 S.W.2d at 863–864, n. 4 (Emphasis added.). *See also Batiste v. State,* 888 S.W.2d 9 (Tex.Cr.App.1994) (We do not address questions not raised by petition or cross-petition for discretionary review.); *Richardson v. State,* 865 S.W.2d 944, 953 n. 9 (Tex.Cr.App.1993); *Wright v. State,* 832 S.W.2d 601, 606 (Tex.Cr.App.1992) (McCormick, P.J., White and Benevides, JJ., concurring) ("[B]ecause the State did not complain in a cross

petition for discretionary review about the lower court's disposition of the procedural default issue, *that issue is not before us in this case."*) (Emphasis added.); *Haughton v. State,* 805 S.W.2d 405, 407, n. 1 (Tex.Cr.App.1990) (To preserve argument for review the State must file a cross-petition for discretionary review.); *Hass v. State,* 790 S.W.2d 609, 610, n. 1 (Tex.Cr.App. 1990); *and, Wilson v. State,* 772 S.W.2d 118, 120, n. 3 (Tex.Cr.App.1989) (The State may not present an argument in their brief if it did not present to this Court by petition or cross-petition for discretionary review.).