Opinion Issued February 13, 2003        
















In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00395-CR
____________

NATHAN MARTINEZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 228th District Court 
Harris County, Texas
Trial Court Cause No. 895934





MEMORANDUM OPINION
          Appellant, Nathan Martinez, pled guilty to the offense of possession of
marihuana. Pursuant to a plea bargain, the trial court assessed five years’ deferred
adjudication and a $1,000 fine. We address (1) whether the arresting officers needed
probable cause to approach appellant’s apartment and (2) whether appellant’s consent
to the search of his apartment was voluntary. We affirm.
Facts
          Deputy G. Worley received a phone call from an unknown person who stated
that there was “suspicious and heavy pedestrian traffic” in and out of appellant’s
apartment. Based on this anonymous tip, Deputy Worley and Deputy D. Florus went
to appellant’s apartment “to investigate.” The deputies had no warrant to arrest
appellant or to search his apartment. 
          When the deputies arrived at appellant’s apartment, Deputy Worley knocked
on the door, which was opened by appellant. Deputy Worley smelled the strong odor
of burning marihuana coming from inside appellant’s apartment and asked appellant
if the deputies could enter the apartment. Deputy Worley claimed that appellant had
invited him and Deputy Florus inside. Appellant denied inviting the deputies inside
and claimed that the deputies shoved him aside and pushed their way into his
apartment. 
          Once inside the apartment, the deputies claimed that they were able to see in
plain view two plastic bags of marihuana, one lying on the kitchen counter, and
another lying on the kitchen floor. Appellant claimed that there was no marihuana
in plain view inside the apartment. 
          In addition to the two bags of marihuana located in plain view in appellant’s
kitchen, the deputies recovered three one-gallon bags of marihuana from the kitchen
pantry, two bags of marihuana from under the kitchen sink, and a bag of compressed
brick marihuana in the bedroom closet, totaling 16 pounds of marihuana. 
Motion to Suppress
          In his sole point of error, appellant contends that the trial court erred by
denying his motion to suppress, in violation of the Fourth Amendment to the U.S.
Constitution and Article I, Sections 9 and 10 of the Texas Constitution. U.S. Const.
amend. IV; Tex. Const. art. I, §§ 9, 10. Appellant claims that (1) the anonymous tip
that led the arresting deputies to his house was insufficient to support probable cause
and (2) his consent to the search of his house was not voluntary, but was given under
duress.
          Generally, a trial court’s ruling on a motion to suppress lies within the sound
discretion of that court. Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App.
1996). However, a reviewing court may review de novo mixed questions of law and
fact. See Guzman v. State, 955 S.W.2d 85, 88 (Tex. Crim. App. 1997). In reviewing
a trial court’s ruling on a motion to suppress, appellate courts should afford almost
total deference to a trial court’s determination of the historical facts, especially when
the trial court’s fact findings are based on an evaluation of credibility and demeanor. 
See id. Additionally, appellate courts should afford the same amount of deference to
a trial court’s rulings on application of law to fact, or mixed questions of law and fact,
if the resolution of those ultimate questions turns on an evaluation of credibility and
demeanor. See id. We must view the evidence in the light most favorable to the trial
court’s ruling. See id. 
A.      Anonymous Tip 
          Appellant first complains that the anonymous tip that led the arresting officers
to his house was insufficient to support probable cause for his arrest and the search
of his apartment. However, in support, appellant recites the general rule that an
anonymous tip, standing alone, seldom provides reasonable suspicion to authorize an
investigative detention, citing Alabama v. White, 496 U.S. 325, 110 S. Ct. 2412
(1990) and Garcia v. State, 3 S.W.2d 227 (Tex. App.—Houston [14th Dist.] 1999),
aff’d, 43 S.W.3d 527 (Tex. Crim. App. 2001). We thus construe appellant’s argument
to be that, by approaching and knocking on his front door, the deputies were engaging
in an investigatory detention, rather than an arrest.  
          Police-civilian encounters are divided into three categories: (1) encounters, (2)
detentions, and (3) seizures. Citizen v. State, 39 S.W.3d 367, 370 (Tex.
App.—Houston [1st Dist.] 2001, no pet.). An investigative detention is a
confrontation of a citizen by law enforcement officers wherein a citizen yields to a
display of authority and is temporarily detained for purposes of an investigation. Id. 
           However, nothing in the United States or Texas Constitutions prevents police
officers from approaching and knocking politely on any closed door to investigate the
possible commission of an offense. See Cornealius v. State, 900 S.W.2d 731, 733
(Tex. Crim. App. 1995); Joseph v. State, 3 S.W.3d 627, 634 (Tex. App.—Houston
[14th Dist.] 1999, no pet.). Further, nothing in the statutes or governing
constitutional provisions requires any citizen to respond to a knock on his door by
opening it. Rodriguez v. State, 653 S.W.2d 305, 306 (Tex. Crim. App. 1983). The
very act of opening the door exhibits an intentional relinquishment of any subjective
expectation of privacy, particularly when illegal activity may be readily detected by
smell and sight by anyone standing in the doorway. Id.
          In Citizen v. State, we held that approaching a criminal suspect on his front
porch did not constitute an investigative detention, but was instead merely an
encounter. See id., 39 S.W.3d at 371. Appellant thus mischaracterizes the deputies’
initial approach as an investigative detention, rather than as a mere encounter. 
Therefore, it is irrelevant whether the deputies knocked on appellant’s front door as
a result of an anonymous tip or of their own initiative: the deputies were allowed to
approach appellant’s apartment and knock on his door even if they did so on their
own initiative. See Cornealius, 900 S.W.2d at 733; Rodriguez, 653 S.W.2d at 306. 
B.Consent to Search 
Appellant next complains that his consent to the search of his house was not
voluntary, but was given under duress. 
          Voluntariness of consent is a question of fact determined from the totality of
the circumstances. See Schneckloth, 412 U.S. 2118, 227; 93 S. Ct. 2041, 2047-48
(1973). To be valid, the consent must be shown to be positive, unequivocal, and
without duress or coercion. See Allright v. State, 850 S.W.2d 471, 493 (Tex. Crim.
App. 1991). The State must show by clear and convincing evidence that the consent
was freely given. Carmouche v. State, 10 S.W.3d 323, 331 (Tex. Crim. App. 2000). 
If the record supports a finding by clear and convincing evidence that the consent to
enter or search was free and voluntary, a reviewing court should not disturb the
finding. See Johnson v. State, 803 S.W.2d 272, 287 (Tex. Crim. App. 1990),
overruled on other grounds by Heitman v. State, 815 S.W.2d 681 (Tex. Crim. App.
1991). 
            Appellant claimed that there were six or seven officers who approached his
door the night that he was arrested. Appellant stated in his affidavit that he did not
give the deputies consent to enter his apartment and that, when he asked the deputies
whether they had a warrant, one of the deputies responded, “I don’t need a warrant. 
I have probable cause. I can smell it.” Appellant claimed that the deputies then
pushed their way into his apartment. Appellant stated in his affidavit that none of the
officers informed him that he could refuse entry. Both appellant and his girlfriend
stated that the deputies requested appellant’s written consent after searching his
apartment and finding the marihuana. Appellant also claimed that he signed the
consent-to-search form only because the deputies informed him that, by signing the
form, his girlfriend, Corrine, would not be involved. Appellant claimed that, at some
point, the deputies had handcuffed him because they had to remove the handcuffs so
that he could sign the consent form. Appellant argues that his consent was
involuntary because of the deputies’ acts of duress. 
          In contrast, Deputies Worley and Florus stated in their affidavits that only the
two of them approached appellant’s apartment the night that he was arrested. The
deputies claimed that, when they asked if they could enter his apartment, appellant
responded, “Sure, come in.” The deputies claimed that neither of them pushed past
or made any physical contact with appellant to gain entry into the apartment. Further,
the deputies stated that, prior to signing the consent-to-search form, Deputy Worley
had advised appellant that he did not have to sign the form. Deputy Worley claimed
that he told appellant that, if appellant did not sign the consent form, he would seek
a search warrant and that appellant’s signature merely saved everyone’s time. Both
deputies claimed that appellant signed the consent form before they conducted the
search of his apartment and that appellant appeared to sign the form freely and
voluntarily. Neither deputy stated that he made any promises to or threats against
appellant. 
          The trial court, as sole trier of fact, was entitled to believe or to disbelieve any
or all of the witnesses’ testimony. See Cantu v. State, 817 S.W.2d 74, 77 (Tex. Crim.
App. 1991). Further, although Deputy Worley told appellant that he would still seek
a search warrant regardless of whether appellant signed the consent form, this
statement did not render appellant’s consent involuntary. See Grant v. State, 709
S.W.2d 355, 357-58 (Tex. App.—Houston [14th Dist.] 1986, no pet.) (holding that
“[a]n otherwise voluntary consent is not vitiated by the fact that an officer asserts that
he could or would obtain a search warrant if consent is refused.”). Looking at the
evidence in the light most favorable to the trial court’s ruling, the record supports a
finding by clear and convincing evidence that appellant voluntarily consented to the
entry into and search of his apartment. Therefore, we hold that the trial court did not
err by overruling appellant’s motion to suppress.
          We overrule appellant’s sole point of error. 
 
 
 
 
 
Conclusion
          We affirm the trial court’s judgment.



     Tim Taft
     Justice

Panel consists of Justices Taft, Keyes, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).