NO. 07-04-0059-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



MARCH 23, 2004



______________________________




IN THE INTEREST OF N. H., A MINOR CHILD



________________________________



FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;



NO. 32,008; HONORABLE PHIL N. VANDERPOOL, JUDGE



_______________________________



Before QUINN and REAVIS, JJ. and BOYD, S.J. (1)

MEMORANDUM OPINION


 Appellant Tammie Bennett-Hayes filed a notice of appeal from the trial court's order
terminating her parental rights to her daughter, N. H. The order was signed on October 31,
2003, and the notice of appeal was filed on February 13, 2004. We dismiss this purported
appeal for want of jurisdiction.

 An appeal from an order terminating the parent-child relationship is accelerated and 
governed by the rules for accelerated appeals in civil cases. See Tex. Fam. Code Ann. §§
109.002(a) and 263.405(a) (Vernon 2002). Rule 26.1(b) of the Texas Rules of Appellate
Procedure provides that in an accelerated appeal, the notice of appeal must be filed within
20 days after the order is signed. Moreover, neither a motion for new trial, a request for
findings of fact and conclusions of law, nor any other post-trial motion will extend the
deadline for filing a notice of appeal under Rule 26.1(b). See § 263.405(c); see also In re
T.W., 89 S.W.3d 641 (Tex.App.-Amarillo 2002, no pet.). 

 After the termination order was signed on October 31, 2003, Bennett-Hayes filed
a motion for new trial. She did not, however, file her notice of appeal until February 13,
2004. Pursuant to Rule 42.3(a) of the Texas Rules of Appellate Procedure, by letter dated
February 26, 2004, this Court requested that Bennett-Hayes show cause why the appeal
should not be dismissed for want of jurisdiction. No response was received.

 Although the Supreme Court has directed us to construe the Rules of Appellate
Procedure reasonably and liberally so that the right to appeal is not lost by imposing
requirements not absolutely necessary to effect the purpose of a rule, Verburgt v. Dorner,
959 S.W.2d 615, 616-17 (Tex. 1997), regarding our jurisdiction, we are prohibited from
enlarging the time for perfecting an appeal in a civil case. Tex. R. App. P. 2; see generally
Denton County v. Huther, 43 S.W.3d 665 (Tex.App.-Fort Worth 2001, no pet.) (dismissing
an accelerated appeal for want of jurisdiction where appellants failed to file their notice of
appeal within 20 days after the date the order was signed); see also In re D.K.P., No. 07-03-0356-CV, 2003 WL 22175937, *1 (Tex.App.-Amarillo Sept. 17, 2003, no pet. h.)
(recognizing that applying the exceptions of Rule 26.1(a) of the Texas Rules of Appellate
Procedure to extend the time in which to file a notice of appeal would thwart the policy
underlying an accelerated appeal).

 Accordingly, this purported appeal is dismissed for want of jurisdiction.


 Don H. Reavis

 Justice

 

1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.


e and, as they did so, saw appellant with his hand in the
toilet bowl. The officers detained appellant and Green. After they had done so, Deputy
Jones spoke to a lady identified as Dewanna Taylor who said she was the owner or lessee
of the house and who, he said, voluntarily signed a consent to search the residence. 
However, Taylor testified that the reason she signed the consent was because the police
had threatened to take her to jail. After the consent form was signed, Deputy Lopez went
into the restroom and recovered a cell phone and two pieces of crack cocaine rock from
inside the toilet and a plastic baggy from outside the toilet. 

 In overruling the suppression motion, the trial court found that the testimony of
Quintanilla was credible, that he did see through the window, and that at that time there
were sufficient exigent circumstances to justify entering the house. The court also found
that the consent to the search was voluntary. Other portions of the testimony may be
referred to if it becomes necessary to a proper discussion of appellant's challenge.

Discussion


 The gist of appellant's complaint is that the drug evidence should have been
suppressed because it was obtained in a warrantless search that violated the Fourth
Amendment to the federal constitution, article 1, §9 of the Texas Constitution, and articles
14.05 and 38.23 of the Texas Code of Criminal Procedure. He argues that the investigating
officers were not entitled to enter upon the curtilage of the residence in which the
contraband was found and, because of this, even if the officers' observations would
otherwise satisfy the exigent circumstances requirement for a warrantless search, they
were not justified in entering the house and making the arrest.

 The standard of review in regard to a trial court's rulings on motions to suppress is
a bifurcated one. Appellate courts afford almost total deference to trial court's
determinations of historical facts and to decisions involving mixed questions of law and fact
if the resolution of those questions depends upon an evaluation of credibility and
demeanor. In such circumstances, appellate courts review for an abuse of discretion. See
Johnson v. State, 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002); Guzman v. State, 955
S.W.2d 85, 89 (Tex. Crim. App. 1997). When the standard of review is for an abuse of
discretion, reviewing courts must uphold the trial court's decision on any proper grounds,
regardless of the basis expressed by the trial court for the ruling. See State v. Ross, 32
S.W.3d 853, 855-56 (Tex. Crim. App. 2000).

 In order for a warrantless search to be justified, the State must show the existence
of probable cause at the time the search was made and the existence of exigent
circumstances that made the procuring of a warrant impracticable. Probable cause to
search exists when reasonably trustworthy facts and circumstances within the knowledge
of the officer on the scene would lead a man of reasonable prudence to believe the
instrumentality of a crime or evidence of a crime will be found. McNairy v. State, 835
S.W.2d 101, 106 (Tex. Crim. App. 1991).

 It is well established that an individual has an expectation of privacy in his home and
that expectation extends to the curtilage surrounding the home. Oliver v. United States,
466 U.S. 170, 180 , 104 S.Ct. 1735, 1742, 80 L.Ed.2d 214, 225 (1984). Curtilage is defined
as the area around the home to which the activity of home life extends. Id. 466 U.S. at 182
n.12, 104 S.Ct. at 1743 n.12, 80 L.Ed.2d at 226 n.12. Even so, the restriction against
intruding upon one's curtilage has its limits. For instance, it does not prevent a police
officer from approaching and knocking on the front door of a home. Cornealius v. State,
900 S.W.2d 731, 733-34 (Tex. Crim. App. 1995). That is so because the police have the
same right as any other person to enter onto residential property and walk up to the front
door. Bower v. State, 769 S.W.2d 887, 897 (Tex. Crim. App. 1989), overruled on other
grounds by Heitman v. State, 815 S.W.2d 681 (Tex. Crim. App. 1991); Nored v. State, 875
S.W.2d 392, 396 (Tex. App.-Dallas 1994, pet. ref'd). Because entry is impliedly
authorized, there exists no reasonable expectation with regard to things observed by those
on the pathway to the house. Bower v. State, 769 S.W.2d at 897. It is true that the
authorization to enter may not exist if the occupant has manifested his intent to restrict
entry to the area. Id. However, there is nothing in this record that shows such a manifest
intent.

 Under this record, Deputy Quintanilla was lawfully on the curtilage of the residence
when he had an unobstructed view of appellant holding a baggy containing illegal crack
cocaine. See Washington v. State, 152 S.W.3d 209, 215 (Tex. App.--Amarillo 2004, no
pet.) (holding no unlawful search resulted from officers going through an opening in a
backyard fence and observing, inter alia, a partially smoked marijuana cigarette lying on
a window sill).

 Even so, an unconsented police entry into a residential unit constititutes a search
under Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). McNairy
v. State, 835 S.W.2d at 106. A person normally exhibits an actual, subjective expectation
of privacy in their residence, and society is prepared to recognize this expectation as
objectively reasonable. Id. That being so, the officers' entry into the residence constituted
a search. Under this record, the officers acquired probable cause for a search of the
residence when they had received a tip concerning drug activity at the residence. Deputy
Quintanilla was lawfully on the front porch when he was conducting a knock and talk
procedure. The record supports a conclusion that Quintanilla and Lopez looked through
an unobstructed window and saw appellant holding a plastic baggy containing an off-white,
rock-like substance in his hand that appeared to him to be crack cocaine.

 Having concluded that probable cause for a search existed, it next becomes
necessary to determine whether the record is sufficient to show exigent circumstances
existed that made the obtaining of a search warrant impracticable. See McNairy, 835
S.W.2d at 107. In that connection, the prevention of destruction of evidence may be an
exigent circumstance sufficient to justify a warrantless entry into a residence. Id. To
determine whether sufficient exigent circumstances existed, we review: 1) the degree of
urgency and the amount of time necessary to obtain a warrant; 2) the reasonableness of
the belief that contraband was subject to destruction or removal; 3) the possibility of danger
to the police officers securing the site pending the application for a warrant; 4) the suspect's
awareness of police presence or surveillance; and 5) the ready destructibility of the
contraband. Id.

 Our review of the record in the light of the above factors shows that the deputies
could reasonably have concluded evidence would be destroyed or removed before they
could obtain a search warrant. The record shows testimony that contemporaneously with
Deputy Jones' knock on the door of the residence, Deputy Quintanilla observed appellant
running toward a bathroom with the baggy containing what appeared to be crack cocaine
in his hands and that the deputy heard flushing noises. There was also testimony that
Delvin Green, who had responded to the knock on the door, slammed the open inner door
shut when he saw the uniformed deputies and fled back into the residence. The deputies
averred they heard flushing noises as they entered the residence and they saw appellant
with his hand in the toilet attempting to dispose of the cocaine.

 The record also shows a sufficient degree of urgency on the officers' part inasmuch
as it contains testimony that Quintanilla saw appellant running toward the bathroom holding
a baggy containing what appeared to be cocaine at the time that Deputy Jones was
knocking on the door with Delvin Green slamming the inner door and running into the
house. This testimony would support a conclusion that appellant was aware of the
presence of the officers and was about to destroy evidence. Although there was no
testimony concerning the time necessary to obtain a warrant, it was quite sufficient to
support a conclusion about the impracticability of obtaining a warrant prior to the entry. 
Suffice it to say that the testimony was amply sufficient to support the trial court's finding
of exigent circumstances sufficient to support the deputies' entry into the house.

 Additionally, with regard to Dewanna Taylor's consent to search of the residence,
although she testified that the consent was given under threat to take her to jail, Deputy
Jones testified that he did not threaten Taylor and the consent was given freely. This
conflict in testimony was resolved by the trial court, as the finder of fact, in favor of the
State. The record is sufficient to support that conclusion.

 In sum, the record does not show an abuse of discretion on the part of the trial judge
in denying the motion to suppress. Accordingly, appellant's issue is overruled and the
judgment of the trial court is affirmed.



 John T. Boyd

 Senior Justice


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2006).