NO. 07-05-0144-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



DECEMBER 20, 2006



______________________________




ELAX GREEN BRADLEY, APPELLANT



v.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 248th DISTRICT COURT OF HARRIS COUNTY;



NO. 992,798; HON. JOAN CAMPBELL, PRESIDING



_______________________________



Before QUINN, C.J., CAMPBELL, J., and BOYD, S.J. (1)

MEMORANDUM OPINION


 In this appeal, and in one issue, appellant Elax Green Bradley contends his
conviction for the felony offense of possession of a controlled substance of more than one
but less than four grams, with intent to deliver, must be reversed. Subsequent to his
conviction by the jury of the charged offense, appellant entered into an agreed proceeding
in which he stipulated as to prior convictions, pled true to enhancement counts, and was
assessed a punishment of 25 years confinement in the Institutional Division of the Texas
Department of Criminal Justice. His basis for seeking reversal is that the trial court erred
in refusing to suppress evidence obtained as the result of an invalid search and seizure. 
Disagreeing that reversal is required, we affirm the judgment of the trial court.

Factual Background


 The nature of appellant's challenge, although in the main a legal one, requires us
to briefly summarize the relevant evidence. The State presented the testimony of three
Harris County sheriff's deputies, Mario Quintanilla, Wallace Earl Jones, Jr., and Edward
Lopez. Deputy Quintanilla averred that he had been a sheriff's deputy in Harris County
since 1991. He said the department had instituted a "knock and talk" procedure. Under
that procedure, when the department received a tip that drug activity was taking place at
a residence, the officers would go to the address, knock on the door, and talk to the
residents to attempt to ascertain the validity of the tip. He estimated that they received tips
as often as four or five times a day.

 On June 30, 2004, the day in question, the officers went out to a residence located
at 6317 West Montgomery in Houston to check out a tip they had received about drug
activity at that location. He, Jones and Lopez proceeded to the residence in order to carry
out a "knock and talk" procedure there. As they approached, he said lights were on in the
residence and he could see into the master bedroom as the windows had only sheer
curtains. He saw a male, later identified as appellant, standing by a female on the bed. 
The man was holding a clear plastic baggy in his hands that contained a rock-like
substance which he believed was cocaine. There was a screen door at the entrance to the
house with the main door being open.

 Deputy Jones knocked on the door and a black male later identified as Delvin Green
came to the door, saw the officers, attempted to shut the door on Jones and ran back 
toward the restroom of the house. They also saw appellant running toward the restroom. 
The officers then entered the house and, as they did so, saw appellant with his hand in the
toilet bowl. The officers detained appellant and Green. After they had done so, Deputy
Jones spoke to a lady identified as Dewanna Taylor who said she was the owner or lessee
of the house and who, he said, voluntarily signed a consent to search the residence. 
However, Taylor testified that the reason she signed the consent was because the police
had threatened to take her to jail. After the consent form was signed, Deputy Lopez went
into the restroom and recovered a cell phone and two pieces of crack cocaine rock from
inside the toilet and a plastic baggy from outside the toilet. 

 In overruling the suppression motion, the trial court found that the testimony of
Quintanilla was credible, that he did see through the window, and that at that time there
were sufficient exigent circumstances to justify entering the house. The court also found
that the consent to the search was voluntary. Other portions of the testimony may be
referred to if it becomes necessary to a proper discussion of appellant's challenge.

Discussion


 The gist of appellant's complaint is that the drug evidence should have been
suppressed because it was obtained in a warrantless search that violated the Fourth
Amendment to the federal constitution, article 1, §9 of the Texas Constitution, and articles
14.05 and 38.23 of the Texas Code of Criminal Procedure. He argues that the investigating
officers were not entitled to enter upon the curtilage of the residence in which the
contraband was found and, because of this, even if the officers' observations would
otherwise satisfy the exigent circumstances requirement for a warrantless search, they
were not justified in entering the house and making the arrest.

 The standard of review in regard to a trial court's rulings on motions to suppress is
a bifurcated one. Appellate courts afford almost total deference to trial court's
determinations of historical facts and to decisions involving mixed questions of law and fact
if the resolution of those questions depends upon an evaluation of credibility and
demeanor. In such circumstances, appellate courts review for an abuse of discretion. See
Johnson v. State, 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002); Guzman v. State, 955
S.W.2d 85, 89 (Tex. Crim. App. 1997). When the standard of review is for an abuse of
discretion, reviewing courts must uphold the trial court's decision on any proper grounds,
regardless of the basis expressed by the trial court for the ruling. See State v. Ross, 32
S.W.3d 853, 855-56 (Tex. Crim. App. 2000).

 In order for a warrantless search to be justified, the State must show the existence
of probable cause at the time the search was made and the existence of exigent
circumstances that made the procuring of a warrant impracticable. Probable cause to
search exists when reasonably trustworthy facts and circumstances within the knowledge
of the officer on the scene would lead a man of reasonable prudence to believe the
instrumentality of a crime or evidence of a crime will be found. McNairy v. State, 835
S.W.2d 101, 106 (Tex. Crim. App. 1991).

 It is well established that an individual has an expectation of privacy in his home and
that expectation extends to the curtilage surrounding the home. Oliver v. United States,
466 U.S. 170, 180 , 104 S.Ct. 1735, 1742, 80 L.Ed.2d 214, 225 (1984). Curtilage is defined
as the area around the home to which the activity of home life extends. Id. 466 U.S. at 182
n.12, 104 S.Ct. at 1743 n.12, 80 L.Ed.2d at 226 n.12. Even so, the restriction against
intruding upon one's curtilage has its limits. For instance, it does not prevent a police
officer from approaching and knocking on the front door of a home. Cornealius v. State,
900 S.W.2d 731, 733-34 (Tex. Crim. App. 1995). That is so because the police have the
same right as any other person to enter onto residential property and walk up to the front
door. Bower v. State, 769 S.W.2d 887, 897 (Tex. Crim. App. 1989), overruled on other
grounds by Heitman v. State, 815 S.W.2d 681 (Tex. Crim. App. 1991); Nored v. State, 875
S.W.2d 392, 396 (Tex. App.-Dallas 1994, pet. ref'd). Because entry is impliedly
authorized, there exists no reasonable expectation with regard to things observed by those
on the pathway to the house. Bower v. State, 769 S.W.2d at 897. It is true that the
authorization to enter may not exist if the occupant has manifested his intent to restrict
entry to the area. Id. However, there is nothing in this record that shows such a manifest
intent.

 Under this record, Deputy Quintanilla was lawfully on the curtilage of the residence
when he had an unobstructed view of appellant holding a baggy containing illegal crack
cocaine. See Washington v. State, 152 S.W.3d 209, 215 (Tex. App.--Amarillo 2004, no
pet.) (holding no unlawful search resulted from officers going through an opening in a
backyard fence and observing, inter alia, a partially smoked marijuana cigarette lying on
a window sill).

 Even so, an unconsented police entry into a residential unit constititutes a search
under Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). McNairy
v. State, 835 S.W.2d at 106. A person normally exhibits an actual, subjective expectation
of privacy in their residence, and society is prepared to recognize this expectation as
objectively reasonable. Id. That being so, the officers' entry into the residence constituted
a search. Under this record, the officers acquired probable cause for a search of the
residence when they had received a tip concerning drug activity at the residence. Deputy
Quintanilla was lawfully on the front porch when he was conducting a knock and talk
procedure. The record supports a conclusion that Quintanilla and Lopez looked through
an unobstructed window and saw appellant holding a plastic baggy containing an off-white,
rock-like substance in his hand that appeared to him to be crack cocaine.

 Having concluded that probable cause for a search existed, it next becomes
necessary to determine whether the record is sufficient to show exigent circumstances
existed that made the obtaining of a search warrant impracticable. See McNairy, 835
S.W.2d at 107. In that connection, the prevention of destruction of evidence may be an
exigent circumstance sufficient to justify a warrantless entry into a residence. Id. To
determine whether sufficient exigent circumstances existed, we review: 1) the degree of
urgency and the amount of time necessary to obtain a warrant; 2) the reasonableness of
the belief that contraband was subject to destruction or removal; 3) the possibility of danger
to the police officers securing the site pending the application for a warrant; 4) the suspect's
awareness of police presence or surveillance; and 5) the ready destructibility of the
contraband. Id.

 Our review of the record in the light of the above factors shows that the deputies
could reasonably have concluded evidence would be destroyed or removed before they
could obtain a search warrant. The record shows testimony that contemporaneously with
Deputy Jones' knock on the door of the residence, Deputy Quintanilla observed appellant
running toward a bathroom with the baggy containing what appeared to be crack cocaine
in his hands and that the deputy heard flushing noises. There was also testimony that
Delvin Green, who had responded to the knock on the door, slammed the open inner door
shut when he saw the uniformed deputies and fled back into the residence. The deputies
averred they heard flushing noises as they entered the residence and they saw appellant
with his hand in the toilet attempting to dispose of the cocaine.

 The record also shows a sufficient degree of urgency on the officers' part inasmuch
as it contains testimony that Quintanilla saw appellant running toward the bathroom holding
a baggy containing what appeared to be cocaine at the time that Deputy Jones was
knocking on the door with Delvin Green slamming the inner door and running into the
house. This testimony would support a conclusion that appellant was aware of the
presence of the officers and was about to destroy evidence. Although there was no
testimony concerning the time necessary to obtain a warrant, it was quite sufficient to
support a conclusion about the impracticability of obtaining a warrant prior to the entry. 
Suffice it to say that the testimony was amply sufficient to support the trial court's finding
of exigent circumstances sufficient to support the deputies' entry into the house.

 Additionally, with regard to Dewanna Taylor's consent to search of the residence,
although she testified that the consent was given under threat to take her to jail, Deputy
Jones testified that he did not threaten Taylor and the consent was given freely. This
conflict in testimony was resolved by the trial court, as the finder of fact, in favor of the
State. The record is sufficient to support that conclusion.

 In sum, the record does not show an abuse of discretion on the part of the trial judge
in denying the motion to suppress. Accordingly, appellant's issue is overruled and the
judgment of the trial court is affirmed.



 John T. Boyd

 Senior Justice


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2006). 



 2 Accent 4"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









                                                            NO.
07-10-0056-CV

 

                                                   IN
THE COURT OF APPEALS

 

                                       FOR
THE SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                      PANEL
A

 

                                                              MARCH
30, 2010

 

                                            ______________________________

 

 

                                                   JOE
MARKHAM, APPELLANT

 

VS.

 

AQUENT, L.L.C.,
APPELLEE

 

                                         _________________________________

 

                        FROM THE 108THTH DISTRICT COURT OF POTTER
COUNTY;

 

                   NO. 97,206-E;
HONORABLE DOUGLAS R. WOODBURN, JUDGE

 

                                           _______________________________

 

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

                                                      MEMORANDUM
OPINION

Pending before this Court is Appellant's First Amended Motion to Dismiss for Mootness filed on
behalf of Appellant, Joe Markham.  By
this motion Appellant contends that this accelerated appeal of the order
denying his special appearance in the trial court below should be dismissed
because Appellee, Aquent, L.L.C., has non-suited all
claims against him in that proceeding.  Without
passing on the merits of the case, the motion is granted and the appeal is
hereby dismissed.  See Tex. R.
App. P. 42.1(a)(1). 
Having dismissed the appeal at Appellant=s
request, no motion for rehearing will be entertained and our mandate will issue
forthwith.

Appellant requests this Court to grant him judgment
for costs.  Absent agreement of the
parties, in dismissing an appeal, an appellate court must tax costs against the
appellant.  See Tex. R. App. P. 42.1(d).

 

Patrick
A. Pirtle

      Justice