In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-030 CR


____________________



ROGER PAUL ANTES, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 221st District Court 


Montgomery County, Texas


Trial Cause No. 05-01-00768-CR






MEMORANDUM OPINION
 Appellant Roger Paul Antes pleaded guilty to possession of a controlled substance,
namely cocaine, after the trial court denied his pretrial motion to suppress. The trial court
assessed punishment at five years' confinement in the Texas Department of Criminal Justice
Institutional Division, probated for five years. In three issues on appeal, Antes contends the
trial court erred in denying his pretrial motion to suppress cocaine seized in a hotel room. 
We affirm. 

 Andrea Ashcraft, desk clerk at the Hampton Inn in The Woodlands, testified at the
hearing on the motion to suppress. She first met Antes in the hotel lobby in May of 2004. 
She stated Antes "talked an awful lot" and fell asleep on the lobby couch. She discussed his
activities with Drew Foley, another clerk at the hotel. She learned that after Antes's first stay
at the hotel, Foley had called the police department to report his strange behavior. Foley
posted a written notice instructing the hotel staff to notify the Shenandoah Police Department
if Antes checked back in. 

 Antes checked in to the hotel a subsequent time at 5:56 a.m. on June 6, 2004. 
Ashcraft stated Antes rented the room for one night, and was required to check-out by noon
the next day. Because he was paying cash for the room, the hotel required that he pay for the
room upon check-in. Although Ashcraft was not working when Antes checked in, she called
the police once she learned of his presence at the hotel. Ashcraft stated the police arrived and
went upstairs, and then she observed the police leave the hotel. Subsequently, at 12:14 p.m.
the same day, Antes called Ashcraft and told her he was checking out. She did not see him
leave the hotel, but saw a car leaving from his side of the building. Ashcraft testified it is a
fairly common practice for the hotel staff to enter a room when the occupant checks out by
phone. She also stated that if an occupant checks out early, the room reverts back to the
hotel. 

 Drew Foley testified she met Antes in May and was concerned about his behavior. 
He "exhibited signs of being high" and "was twitching, couldn't stop talking, [and]
wo[uld]n't look you in the eye." He was carrying a six-pack cooler bag, a trash bag, and a
box containing a V.C.R. and a radio. She asked him if he was high, and stated she did not
want to get in trouble for renting to somebody under the influence. After he left the hotel,
she called Officer Michael Ruby with the Shenandoah Police Department and reported her
concerns. Based on Officer Ruby's research on Antes, Foley posted a notice stating if Antes
returned to the hotel, the police needed to see him. 

 Officer Ruby testified Foley reported to him that "a person staying in the hotel that
was extremely nervous, acting real strange, hanging out in the lobby[,] and [was] just out of
character." She also reported "an ether smell . . . like a paint thinner. . . ." He told Foley that
Antes had been involved with controlled substances. 

 On June 6, 2004, he and two other officers went to the hotel in response to a call from
a clerk at the hotel. He talked to Ashcraft who advised him Antes was in one of the hotel's
rooms. The officers went to the room and knocked on the door. It took Antes a while to
open the door, and when he did, he was naked, sweating, and appeared to be nervous. 
Deputy Thompson asked him to put on clothes and step out of the room to talk to the officers. 
Antes talked to the officers but would not consent to a search of the room. The officers
decided to wait until he checked out of the room to search it, and out of concern for the safety
of the other guests at the hotel, asked that Ashcraft notify them once he left. 

 According to Officer Ruby, Ashcraft notified him at roughly 12:20 p.m. that Antes
had checked out. Officer Ruby returned to the hotel at approximately 12:41 p.m., obtained
the hotel manager's consent to search the room and a key card to gain access. He opened the
door, but then decided to wait for Deputy Thompson to arrive before conducting the search. 
Once inside, Officer Ruby observed that Antes had left his key card in the room. Deputy
Thompson removed a controlled substance found in the room. 

 Dorothy Handling, Antes's former employer, testified for his defense. She stated
Antes called her on June 6, 2004 around 10:00 or 11:00 a.m. After the call, Antes picked
Handling up from her house, asked her to take a ride with him, and brought her back to the
hotel. She stated Antes was confused as to why the police had been called. She testified she
was present in his hotel room when he was packing up and "that's when he was checking
out." 

 Antes testified that after the officers left his room he "paced the room" and went
downstairs to where the officers were. He asked them if they wanted to search his bag or
himself and they said, "[N]o." He left and called Handling because he "needed someone
sane to talk to or someone else to figure [it] out, why [the police were] coming to [his]
room." He picked up Handling and brought her back to the hotel room. He maintains he
never called the front desk to say he was "checking out." He claims he took Dorothy home
around 12:14 p.m., but did not tell the hotel clerk anything about checking out. 

 An appellate court reviews a trial court's ruling on a motion to suppress evidence for
an abuse of discretion. Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996). 
We give "almost total deference to a trial court's determination of the historical facts" and
review the court's application of search and seizure law de novo. See Guzman v. State, 955
S.W.2d 85, 89 (Tex. Crim. App. 1997). Where, as here, the trial court did not make explicit
findings of historical facts, we review the evidence in a light most favorable to the trial
court's ruling and assume the trial court made implicit findings of fact supported in the
record. See Carmouche v. State, 10 S.W.3d 323, 327-28 (Tex. Crim. App. 2000).

 On appeal, Antes states three separate grounds supporting his contention that the trial
court erred in failing to grant his motion to suppress. In his first issue, he argues the police
searched his inhabited room without a search warrant. Issue two states the hotel management
acted under police instructions as an agent of the police. Antes's third issue asserts the trial
court's denial of his motion to suppress was based on the State's claim that he had
"abandoned" his hotel room. We first address his third issue as it is dispositive.

 A defendant has standing to challenge a search under the Fourth Amendment if he had
a legitimate expectation of privacy in the place searched. Granados v. State, 85 S.W.3d 217,
222-23 (Tex. Crim. App. 2002) (citing Rakas v. Illinois, 439 U.S. 128, 143, 99 S.Ct. 421, 58
L.Ed.2d 387 (1978)). The defendant must demonstrate a legitimate expectation of privacy
by "establishing that he had a subjective expectation of privacy in the place invaded that
society is prepared to recognize as reasonable." Id. at 223. 

 Antes claims he had not called Ashcraft to check out and asserts he had an expectation
of privacy until the required check out time of noon on June 7, 2006. See Brimage v. State,
918 S.W.2d 466, 507 (Tex. Crim. App. 1994) (holding that once the term of a guest's
occupancy of a room expires, the guest loses his exclusive right to privacy in the room and
the manager of a hotel may consent to a search of the room and the seizure of items found
in the room). The State contends Antes abandoned his hotel room, thereby waiving any
privacy interest. "Abandonment of property occurs if: (1) the defendant intended to abandon
the property, and (2) his decision to abandon the property was not due to police misconduct." 
Swearingen v. State, 101 S.W.3d 89, 101 (Tex. Crim. App. 2003). Abandonment is a
question of intent which can be inferred from words spoken, acts done, and other objective
facts and circumstances. McDuff v. State, 939 S.W.2d 607, 616 (Tex. Crim. App. 1997). 
The issue is whether the defendant had "relinquished his interest in the property so that he
could no longer retain a reasonable expectation of privacy with regard to it at the time of the
search." Id. No seizure occurs under the Fourth Amendment if the police take possession
of property abandoned independent of police misconduct. Swearingen, 101 S.W.3d at 101. 
If the defendant voluntarily abandons the property, he lacks standing to challenge the
reasonableness of the search of the abandoned property. Id.

 Ashcraft testified Antes called to check out at 12:14 p.m. on June 6, 2004. Antes
maintains he did not call Ashcraft to check out, but admitted he left "around that 12:14
[p.m.]" only to take Handling home. Handling's testimony tends to corroborate Ashcraft's
testimony that Antes checked out at 12:14 p.m. as Handling testified that before she and
Antes left the hotel, he was packing and checking out. While Antes contends the police
searched the room during the time period he still had the room under rental, it is not disputed
that Antes never returned to the room after leaving with Handling. The trial judge, as sole
fact finder at a hearing on a motion to suppress evidence obtained in a search, may choose
to believe or disbelieve any or all of a witness's testimony. Taylor v. State, 604 S.W.2d 175,
177 (Tex. Crim. App. 1980). The trial court could have found Ashcraft's testimony that
Antes had affirmatively relinquished the room more credible than Antes's testimony. The
hotel records show Antes's departure time as June 6, 2004 at 12:14 p.m. Officer Ruby stated
he noticed during his search of the room that Antes had left his key card in the room, which
supports Ashcraft's testimony that he had already checked out. Viewing the evidence in the
light most favorable to the trial court's ruling, Antes's actions demonstrated an intent to
abandon the hotel room. 

 Having determined Antes voluntarily abandoned the hotel room, we must now decide
if his abandonment was a result of police misconduct. See Swearingen, 101 S.W.3d at 101. 
Officer Ruby initiated the knock-and-talk with Antes after Foley informed him Antes might
be under the influence of a controlled substance. Absent an express order from a person in
possession of property not to trespass, the police are not prevented from approaching and
knocking upon the front door of a residence for the purpose of asking the occupant questions.
Cornealius v. State, 900 S.W.2d 731, 733-34 (Tex. Crim. App. 1995). Antes refused to
consent to search the room and the officers left. On this record, we find no evidence of
police misconduct. Absent such evidence, Antes lacks standing to complain about the search
or any evidence obtained from the search. See Swearingen, 101 S.W.3d at 101. The trial
court did not abuse its discretion in denying Antes's motion to suppress the evidence
obtained from the search.

 Appellant's issues are overruled. The trial court's ruling denying appellant's pretrial
motion to suppress is affirmed.

 AFFIRMED.

 __________________________________

 CHARLES KREGER

 Justice

Submitted on September 15, 2006

Opinion Delivered January 17, 2007

Do not publish


Before McKeithen, C.J., Kreger and Horton, JJ.