In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-049 CR


____________________



DONALD RAY COLLIER, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 97489






MEMORANDUM OPINION


 A jury convicted appellant Donald Ray Collier of possession of a controlled
substance, namely cocaine, and sentenced him as a repeat felony offender to forty-five years
in the Texas Department of Criminal Justice-Institutional Division. See Tex. Health &
Safety Code Ann. § 481.115(d) (Vernon 2003). Collier appeals the conviction arguing the
trial court committed reversible error by allowing the introduction of illegally seized
evidence from his hotel room because the investigating officer did not have probable cause
to arrest him and search the room. We affirm the trial court's judgment.

 Officer Scott Lisenby with the Beaumont Police Department testified that on or about
January 14, 2006, he was dispatched to room 211 at the Castle Motel in Beaumont to check
for a black male selling drugs. Dispatch informed Lisenby that the complainant also advised
of weapons in the room. Lisenby arrived and waited until other officers started getting close
to the area before he approached room 211. As another officer was approaching the room,
Lisenby knocked on room 211's door. 

 The door immediately opened, which Lisenby testified was unusual. Collier, partially
behind the door and looking out, appeared surprised and immediately ducked back behind
the door. As he ducked back behind the door, Lisenby heard a "loud thud or something
heavy hitting the wall or the door." Thinking the loud noise was a gun hitting the floor,
Lisenby stepped in and pushed Collier out of the way. Lisenby then noticed another male
standing behind Collier. Lisenby made sure they did not have immediate access to a gun,
arranged both of them where he could see their hands, and then checked behind the door. 
On the floor behind the door was a glass jar that appeared to be filled with water and crack
cocaine. The jar had no lid and was sitting in a container of clothes against the wall.

 Lisenby detained the two males and placed them under arrest. While checking to see
if anyone else was in the room, he found a big Pyrex measuring cup filled with water and
with what appeared to be crack cocaine in the bottom of it. The K-9 unit was called in and
the dog alerted to the corner of the bed and the night stand. In that spot, Lisenby found an
Altoids container with what appeared to be crack cocaine inside. No weapons were found
in the room. The three specimens collected at the scene amounted to approximately 55 grams
of cocaine. 

 Prior to trial, Collier filed a motion to suppress the evidence seized because the
evidence was obtained by warrantless unlawful search and seizure. Despite Collier's
objection based on his earlier filed motion to suppress, the trial court admitted the seized
evidence. Collier asserts the trial court erred in admitting into evidence the cocaine seized
from the hotel room because Lisenby did not have (1) probable cause to arrest Collier, (2)
an arrest warrant for Collier, and (3) a search warrant for the premises. 

 An appellate court reviews a trial court's ruling on a motion to suppress evidence for
an abuse of discretion. Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996). 
We give "almost total deference to a trial court's determination of historical facts" and
review the court's application of search and seizure law de novo. Guzman v. State, 955
S.W.2d 85, 88-89 (Tex. Crim. App. 1997). When, as here, the trial court did not make
explicit findings of historical facts, we review the evidence in a light most favorable to the
trial court's ruling and assume the trial court made implicit findings of fact supported in the
record. See Carmouche v. State, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000).

 An accused has standing to contest a search under the Fourth Amendment only if he
or she has a legitimate and reasonable expectation of privacy in the place searched. Rakas
v. Illinois, 439 U.S. 128, 144, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); Granados v. State, 85
S.W.3d 217, 222-23 (Tex. Crim. App. 2002). A registered guest at a hotel has a reasonable
expectation of privacy in the room that he or she has rented and, consequently, is entitled to
constitutional protection against unreasonable searches and seizures there. See Stoner v.
California, 376 U.S. 483, 490, 84 S.Ct. 889, 11 L.Ed.2d 856 (1964). "[A]n overnight guest
of a registered hotel guest shares the registered guest's reasonable expectation of privacy in
the room." Wilson v. State, 98 S.W.3d 265, 268-70 (Tex. App.--Houston [1st Dist.] 2002,
pet. ref'd). (1)

 Searches or seizures inside a home without a warrant are presumptively unreasonable. 
Long v. State, 132 S.W.3d 443, 450-51 (Tex. Crim. App. 2004). However, a police officer
has the right to approach the front door of a residence and knock, as long as there are no
express orders forbidding trespass. See Cornealius v. State, 900 S.W.2d 731, 734 (Tex.
Crim. App. 1995). To justify a warrantless search of the premises, the State must show there
was (1) probable cause at the time of the search and (2) that exigent circumstances made the
procuring of a warrant impracticable. McNairy v. State, 835 S.W.2d 101, 106 (Tex. Crim.
App. 1991). While inside a residence, officers may seize evidentiary items found in plain
view if: (1) the initial intrusion was proper, or the police had a right to be where they were
when the discovery was made; and (2) it was immediately apparent to the police that they had
evidence before them. See Walter v. State, 28 S.W.3d 538, 541 (Tex. Crim. App. 2000);
Ramos v. State, 934 S.W.2d 358, 365 (Tex. Crim. App. 1996).

 Probable cause for a search exists when reasonably trustworthy facts and
circumstances within the knowledge of the officer on the scene would lead a person of
reasonable prudence to believe that the instrumentality or evidence of a crime will be found. 
Estrada v. State, 154 S.W.3d 604, 609 (Tex. Crim. App. 2005); McNairy, 835 S.W.2d at 106. 
Probable cause is the sum total of layers of information, not merely individual layers and
considerations, that a reasonable and prudent person acts upon. Estrada, 154 S.W.3d at 609
(citing Brinegar v. United States, 338 U.S. 160, 176, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949)). 
Probable cause requires more than mere suspicion but far less evidence than that needed to
support a conviction or even a finding by preponderance of the evidence. Guzman, 955
S.W.2d at 87. In determining whether probable cause for a warrantless search or seizure
exists, we consider the "totality of the circumstances." See Amores v. State, 816 S.W.2d 407,
413 (Tex. Crim. App. 1991). The burden of proving probable cause rests with the State. Id. 

 In addition to establishing probable cause, the State must demonstrate exigent
circumstances that made the procuring of a warrant impracticable. McNairy, 835 S.W.2d at
107. A warrantless search is often considered reasonable in circumstances that indicate
danger to the officer or victims, an increased probability of apprehending the suspect, or the
possible destruction of evidence. Id. (citing Stewart v. State, 681 S.W.2d 774 (Tex. App.--Houston [14th Dist.] 1984, writ ref'd)). 

 In the present case, the reasonably trustworthy facts and circumstances within Officer
Lisenby's knowledge included (1) a report of drug activity in a hotel room in a high crime
area, (2) the possibility that weapons were present, (3) Collier's immediately opening the
door upon Lisenby's knock, (4) the surprised look on Collier's face, (5) Collier's sudden
movement of ducking back behind the door, and (6) the almost simultaneous sound of a large
object hitting the wall behind the door. Officer Lisenby testified that he entered the room
because of the nature of the call, he thought the loud "thud" was a gun, and he feared for his
safety. 

 Considering the totality of the circumstances in this case, Officer Lisenby was
justified in entering the room because exigent circumstances existed that allowed him to
insure his safety. Once permissibly inside the room, Officer Lisenby properly seized the
cocaine in plain view. See Walter, 28 S.W.3d at 541; Ramos, 934 S.W.2d at 365. The trial
court did not abuse its discretion in denying the motion to suppress. We overrule appellant's
sole issue. The trial court's judgment is affirmed.

 AFFIRMED.

 
 ___________________________________

 CHARLES KREGER 

 Justice


Submitted on May 31, 2007

Opinion Delivered December 12, 2007

Do not publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. On this record, we cannot determine whether Collier was a registered guest, or an
overnight guest of a registered guest at the Castle Motel. Because neither party addresses
whether Collier has standing to raise a Fourth Amendment claim, we presume he has
standing and address the merits of his appeal.