COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
                                         NOS. 
2-03-425-CR
                                                  2-03-426-CR
 
  
ANTHONY 
MAURICE MONTGOMERY                                       APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
INTRODUCTION
        Appellant 
was charged in two indictments of two separate offenses of aggravated robbery 
with a deadly weapon and pleaded guilty to both offenses. After finding 
Appellant guilty as charged in both cases, the trial court sentenced Appellant 
to seventeen years’ confinement on each charge, with the sentences to be 
served concurrently. In his sole point on appeal, Appellant argues that the 
trial court erred in overruling his motion to suppress his confession because it 
was given after he was arrested pursuant to an arrest warrant that was not 
supported by an affidavit showing probable cause.[2]  
We affirm.
FACTUAL AND PROCEDURAL BACKGROUND
        On 
March 1, 2001, while under arrest, Appellant gave a written statement to 
Detective Jim Ford of the Arlington Police Department implicating himself in two 
separate robberies that occurred in Arlington on January 18 and 19, 2000. 
Appellant was arrested pursuant to a warrant based on an affidavit of Detective 
Ford. The affidavit alleged that Appellant was involved in an aggravated robbery 
at the G Willickers Pub in Arlington on January 19, 2000.
        Detective 
Ford had been investigating a string of aggravated robberies that had occurred 
in Arlington, and several individuals had been arrested in connection with this 
investigation. Two individuals had previously provided statements identifying 
Appellant as an accomplice in some of these robberies. Based on the information 
gathered, Detective Ford had executed the affidavit requesting an arrest warrant 
be issued for Appellant as a participant in the aggravated robbery at the G 
Willickers Pub. After his arrest pursuant to this warrant, Appellant confessed 
to being involved in this offense as well as in an aggravated robbery that had 
occurred on January 18, 2000.
        Appellant 
filed a motion to suppress his confession, contending that his arrest was 
illegal because it was based on an affidavit that did not contain sufficient 
facts to establish probable cause. After hearing arguments, the trial court 
denied the motion, and Appellant subsequently pleaded guilty to both 
indictments.
        Appellant’s 
sole complaint on appeal is that the trial court erred in overruling his motion 
to suppress under the United States and Texas Constitutions. However, Appellant 
fails to distinguish his rights under the Texas Constitution from those under 
the United States Constitution. Therefore, we will address only whether the 
trial court's denial of his motion to suppress violated his rights under the 
United States Constitution. See Dewberry v. State, 4 S.W.3d 735, 743-44 
(Tex. Crim. App. 1999) (stating that because defendant failed to distinguish his 
rights under the Texas Constitution from those under the federal constitution 
and combined all four points into one argument, court would address only whether 
defendant's rights under the United States Constitution were violated), cert. 
denied, 529 U.S. 1131 (2000).
        Appellant 
specifically argues that the affidavit fails to show that the complainants of 
the robbery identified Appellant, beyond merely giving a general description of 
the suspects; he also argues that statements of two participants in the series 
of robberies are vague and confusing because they cannot identify a specific 
location or date that these robberies occurred. Appellant argues that, 
consequently, the affidavit does not contain sufficient probable cause absent 
“reliance on the unjustified conclusions of the affiant.”
STANDARD OF REVIEW
        A 
magistrate’s determination to issue a warrant is subject to a deferential 
standard of review. See Swearingen v. State, 143 S.W.3d 808, 811 (Tex. 
Crim. App. 2004) (citing Illinois v. Gates, 462 U.S. 213, 236-37, 103 S. 
Ct. 2317, 2331 (1983) and Johnson v. State, 803 S.W.2d 272, 289 (Tex. 
Crim. App. 1990), cert. denied, 501 U.S. 1259 (1991), overruled on 
other grounds by Heitman v. State, 815 S.W.2d 681 (Tex. Crim. App. 
1991)); Davis v. State, 144 S.W.3d 192, 196 (Tex. App.—Fort Worth 2004, 
pet. ref’d) (op. on reh’g).
        We 
give great deference to the magistrate’s determination of whether the 
affidavit reflects a “substantial basis” for concluding that probable cause 
exists. Gates, 462 U.S. at 236-37, 103 S. Ct. at 2331. Under this 
standard, we look to the totality of the circumstances regarding the information 
contained in the affidavit. Johnson, 803 S.W.2d at 289; Davis, 144 
S.W.3d at 196-97. An affidavit must provide the magistrate with sufficient 
factual information to support an independent judgment that probable cause 
exists to believe that the accused has committed an offense. See McFarland v. 
State, 928 S.W.2d 482, 509 (Tex. Crim. App. 1996), cert. denied, 519 
U.S. 1119 (1997); Brooks v. State, 76 S.W.3d 426, 431 (Tex. 
App.—Houston [14th Dist.] 2002, no pet.). The affidavit does not need to 
contain sufficient evidence that would convince a jury of the defendant’s 
guilt beyond a reasonable doubt. McFarland, 928 S.W.2d at 509-10. In 
assessing the sufficiency of an affidavit for an arrest or a search warrant, the 
reviewing court is limited to the four corners of the affidavit. Hankins v. 
State, 132 S.W.3d 380, 388 (Tex. Crim. App.), cert. denied, 125 S. 
Ct. 358 (2004); Jones v. State, 833 S.W.2d 118, 123 (Tex. Crim. App. 
1992), cert. denied, 507 U.S. 921 (1993). The reviewing court should 
interpret the affidavit in a common sense and realistic manner, recognizing that 
the magistrate was permitted to draw reasonable inferences from the facts 
contained in the affidavit. Hankins, 132 S.W.3d at 388; Jones, 833 
S.W.2d at 124.
ANALYSIS
        The 
affidavit in the present case states,
   
Between January and May of 2000 there were nine aggravated robberies at 
restaurants and bars in Arlington, one aggravated robbery at a restaurant in 
Dalworthington Gardens, and one aggravated robbery at a restaurant in Grand 
Prairie committed by multiple black males wearing ski masks or bandannas on 
their faces and armed with handguns. Most of these offenses took place at 
approximately closing time or after closing time. . . . Detective Ford obtained 
copies of all of these offenses and became familiar with these offenses.
 
        The 
affidavit shows that one of these aggravated robberies occurred at G Willickers 
Pub and that during his investigation, Detective Ford “personally interviewed 
the victims of this offense, Charles and Beadie Yendt.” The affidavit states,
   
Charles Yendt described suspect number one as a tall and thin black male 
approximately 6'0", 150 pounds, approximately 23 years old, armed with a 
medium size dark colored semiautomatic pistol. Charles said that suspect number 
one was wearing a dark heavy coat and dark colored stocking cap. Suspect number 
one matches the general description of [Appellant] a black male born on 6-23-76.
  
 
        Detective 
Ford’s affidavit is also based, in part, on the written statements of two 
individuals who were personally interviewed by Detective Ford and who had 
confessed to being participants in several of the Arlington robberies. The 
affidavit shows that Rodney Rodriquez Singleton provided a statement to 
Detective Ford on June 23, 2000 wherein he admitted to participating in several 
robberies between January and May of 2000 and stated that he committed these 
robberies with, among others, Appellant. The affidavit further recites,
   
During this interview Singleton voluntarily confessed to being the driver during 
several of these restaurant robberies described which took place in the 
Arlington area between January and May of 2000. Singleton advised that he 
committed these aggravated robberies with Marco Jones, Tony Mitchell, and 
[Appellant]. Singleton said that one of the handguns used in these robberies 
belonged to Singleton’s brother Charles. Singleton described this gun as a 
black 9mm semiautomatic pistol. Singleton stated that he could not remember the 
specific locations where he committed aggravated robberies with [Appellant]. 
Singleton stated that he committed these aggravated robberies in the Arlington 
area with [Appellant] in early 2000. Singleton stated that [Appellant] is 
Singleton’s wife’s cousin. Singleton provided sufficient information to 
enable Detective Ford to obtain a color photograph of [Appellant,] a black male 
born on 6-23-76, from the Gregg County Sheriff’s Office. Singleton voluntarily 
provided Detective Ford and Detective Nutt with a written confession statement.
 
Detective 
Ford constructed a six position color photo line up using this photograph of 
[Appellant] and five other different photographs of different black males with 
similar appearance.
 
On 
6-27-00 Detective Ford and Detective Nutt showed this photo line up to 
Singleton. Singleton pointed out the photograph of [Appellant] and stated that 
this is a photograph of the same [person] who committed several restaurant 
robberies with Singleton in the Arlington area in early 2000.
     
        The 
affidavit further shows that Tony Wayne Mitchell provided a statement to 
Detective Ford on November 22, 2000 and also admitted to participating with 
Appellant in several robberies in Arlington between January and March 2000. The 
affidavit states,
   
Detective Ford showed Mitchell the six position color photo line containing a 
color photograph of [Appellant] and five other different black males with 
similar appearance. Mitchell pointed out the photograph of [Appellant] and 
positively identified this photograph as being a photograph of the same [person] 
who committed an aggravated robbery with Rodney Singleton at a bar in the [sic] 
Arlington on a cold night in the year 2000.
                . 
. . .
Mitchell 
stated that one cold night in the year 2000, he and Rodney Singleton and 
[Appellant] drove to a bar located in the Arlington area. Mitchell was not 
familiar with Arlington and could not describe the location or provide the name 
of the bar. Mitchell said that he remained outside in the car. Mitchell stated 
that Singleton was the driver and they used Singleton’s car, which was a white 
Pontiac GrandAm at that time. Mitchell said that Singleton and [Appellant] went 
inside the bar armed with only one handgun to the best of Mitchell’s knowledge 
and memory. Mitchell said that he thought that Singleton and [Appellant] used a 
black 9mm pistol, which belonged to Singleton’s brother Charles. Mitchell said 
that Singleton and [Appellant] returned to the car later with some bottles of 
liquor. Mitchell said that Singleton and [Appellant] claimed that they did not 
get any money during this robbery.
    
        The 
affidavit then sets forth in detail Detective Ford’s reasons for believing 
that the information obtained from Mitchell was sufficiently corroborated by 
other information independently obtained during his investigation:
    

Tony Mitchell’s account of the robbery matches the description of the 
aggravated robbery which took place at G Willickers Pub on 1-19-00 . . . for the 
following reasons: The offense took place in a bar on a cold night in the year 
2000. Local weather records reflect that the temperature range was from 41 
degrees to 76 degrees on 1-19-00. The offense was committed by a tall thin black 
male and a short heavy set black male, which matches the description of 
[Appellant] and Rodney Singleton. Singleton is approximately 5'10" and 300 
pounds. Arrest records reflect that [Appellant] is described as 6'2" and 
165 pounds. Charles Yendt stated that a medium sized dark colored semiautomatic 
pistol was used by the suspects and only one gun was seen by Charles and Beadie 
Yendt which is consistent with Mitchell’s statement. Singleton had previously 
stated that a black 9mm semiautomatic pistol was used during several of these 
robberies. Singleton stated that this pistol belonged to Singleton’s brother 
Charles. Mr. Yendt stated that no money was taken during this robbery which is 
also consistent with Mitchell’s statement.
   
        An 
affidavit based on hearsay information may be sufficient if the person supplying 
the information is reliable. Owens v. State, 875 S.W.2d 447, 450 (Tex. 
App.—Corpus Christi 1994, no pet.) (citing Janecka v. State, 739 S.W.2d 
813, 824 (Tex. Crim. App. 1987)). A statement against penal interest is 
inherently credible and may be sufficient, in and of itself, to establish 
probable cause. Cornealius v. State, 870 S.W.2d 169, 172 (Tex. 
App.—Houston [14th Dist.] 1994), aff’d, 900 S.W.2d 731 (Tex. Crim. 
App. 1995). Furthermore, we do not agree with Appellant’s assertion that the 
statements by Singleton and Mitchell are vague and confusing or that Appellant 
is not sufficiently identified. The affidavit shows that Mitchell’s 
description of this one particular aggravated robbery was sufficiently 
corroborated with other independent information gathered by Detective Ford. 
Additionally, Detective Ford establishes in the affidavit that the descriptions 
of the suspects provided by the complainants at the G Willickers Pub matched the 
descriptions of Singleton and Appellant.
        Therefore, 
we hold that, based on the totality of the circumstances, the affidavit in the 
present case did provide the magistrate with sufficient factual information to 
support an independent judgment that probable cause existed for the issuance of 
the arrest warrant.
        We 
also find the cases relied upon by Appellant distinguishable. Appellant relies 
on Jones v. State and Gordon v. State, cases in which the court of 
criminal appeals reviewed affidavits that were wholly conclusory and omitted the 
underlying facts justifying the conclusions by the officers involved. See 
Jones, 833 S.W.2d at 124; Gordon v. State, 801 S.W.2d 899, 916 (Tex. 
Crim. App. 1990). In both cases, the court held that without such underlying 
facts, there was nothing to support the magistrates’ findings of probable 
cause. See Jones, 833 S.W.2d at 124 (concluding that “there were no 
facts that would lead a neutral and detached magistrate to conclude that 
appellant was the perpetrator of the crime”); Gordon, 801 S.W.2d at 916 
(concluding that the affidavit “lacks the necessary indicia of reliability 
demonstrated by facts showing probable cause for the magistrate to have made a 
proper evaluation of the allegations before issuing the warrant”). We have not 
found that to be the case here, however, because the affidavit does detail the 
facts and reasons underlying Detective Ford’s conclusion that Appellant had 
committed this particular offense. Additionally, in Visor v. State, a 
case also relied upon by Appellant, the court of criminal appeals held invalid a 
combination search and arrest warrant that authorized the arrest of an 
“unknown black female.” 660 S.W.2d 816, 818-20 (Tex. Crim. App. 1983). 
However, the affidavit and warrant in this instance did specifically name 
Appellant; therefore, we find Visor inapplicable to the present case. 
Given these facts, we conclude that the affidavit did support a finding of 
probable cause by the magistrate.
CONCLUSION
        Having 
concluded that the affidavit did contain sufficient facts to establish probable 
cause, we overrule Appellant’s sole point. Accordingly, we affirm the trial 
court’s judgments.
   
   
                                                          ANNE 
GARDNER
                                                          JUSTICE
 
  
  
PANEL 
B:   LIVINGSTON, GARDNER, and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
May 5, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
The trial court certified Appellant’s right to appeal based upon written 
motions filed and ruled upon before trial. See Tex. R. App. P. 25.2(a)(2).